TROY LAW, PLLC
*Attorneys for the Plaintiff, proposed FLSA Collective,*
*and potential Rule 23 Class*
John Troy (JT 0481)
41-25 Kissena Boulevard, Suite 119
Flushing, NY 11355
Tel: (718) 762-1324

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

LI ZHEN ZHU,
*on behalf of herself and others similarly situated,*

                              Plaintiff,        **Case No: 18-cv-00417**

                 v.               **29 U.S.C. § 216(b) COLLECTIVE**
                                     **ACTION & FED. R. CIV. P. 23**
WANRONG TRADING CORP.,        **CLASS ACTION**
TAI HE TRADING CORP.,
YI ANG SHAO,                               **COMPLAINT**
XIANG QI CHEN,
MING REN XU, and
TAO TAO REN,

                           Defendants.

-----------------------------------------------------------------x

       Plaintiff LI ZHEN ZHU (hereinafter referred to as "Plaintiff"), on behalf of herself and

others similarly situated, by and through her attorney, Troy Law, PLLC, hereby brings this

complaint against Defendants WANRONG TRADING CORP., TAI HE TRADING CORP., YI

ANG SHAO, XIANG QI CHEN, MING REN XU, and TAO TAO REN, (hereinafter referred to

as "Defendants").

<u>**INTRODUCTION**</u>

1.      This action is brought by Plaintiff, on behalf of herself as well as other similarly situated

employees against Defendants for alleged violations of the Fair Labor Standards Act, ("FLSA")

29 U.S.C. § 201 *et seq.* and of the New York Labor Law (NYLL), arising from Defendants'

various willful and unlawful employment policies, patterns and/or practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed

widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, minimum wage for all hours worked and overtime for all hours worked over forty (40) each workweek.

3.      Defendants refused to record all of the time that Plaintiff and similarly situated employees work or worked, including work done in excess of forty hours each week.

4.      Plaintiff alleges pursuant to the FLSA, that she is entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime wage compensation, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs.

5.      Plaintiff further alleges pursuant to New York Labor Law § 650 *et seq.* and 12 New York Codes, Rules and Regulations §§ 142 ("NYCRR") that she is entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) unpaid "spread of hours" compensation, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (5) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully listed employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (6) liquidated damages equal to the sum of unpaid minimum wage, unpaid overtime, and unpaid "spread of hours" in the amount of twenty five percent under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (7) 9% simple prejudgment interest provided by NYLL, (8) post-judgment interest, and (9) attorney's fees and costs.

## JURISDICTION AND VENUE

6.      This Court has original federal question jurisdiction over this controversy under 29

U.S.C. § 216(b) and 28 U.S.C. § 1331.

7.     This Court has jurisdiction over state law claims asserted here pursuant to the Class

Action Fairness Act, 28 U.S.C. § 1332(d)(2), and has supplemental jurisdiction over the New

York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

8.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b)

and (c), because Defendants conduct business in this District, and the acts and omissions giving

rise to the claims herein alleged took place in this District.

## PLAINTIFF

9.     Plaintiff LI ZHEN ZHU was employed by Defendants WANRONG TRADING CORP.

with a principal address of 32-35 Hunters Point Avenue, Long Island City, NY 11101 and TAI

HE TRADING CORP. with a principal address of 32-33 Hunters Point Avenue, Long Island

City, NY 11101, to peel the skin from frozen chicken parts in a meat packaging plant.

## DEFENDANTS

*Corporate Defendants*

10.    Defendant WANRONG TRADING CORP. is a domestic business corporation organized

under the laws of the State of New York with a principal address at 32-35 Hunters Point Avenue,

Long Island City, NY 11101.

11.    Upon information and belief, WANRONG TRADING CORP. is a business engaged in

interstate commerce that has gross sales in excess of five hundred thousand dollars

($500,000.00) per year.

12.    Upon information and belief WANRONG TRADING CORP. purchased and handled

goods moved in interstate commerce.

13.    At all relevant times, the work performed by Plaintiff was directly essential to the

businesses operated by WANRONG TRADING CORP.

14.     Defendant TAI HE TRADING CORP.is a domestic business corporation organized under the laws of the State of New York with a principal address at 32-33 Hunters Point Avenue, Long Island City, NY 11101.

15.     Upon information and belief, TAI HE TRADING CORP.is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

16.     Upon information and belief TAI HE TRADING CORP. purchased and handled goods moved in interstate commerce.

17.     At all relevant times, the work performed by Plaintiff was directly essential to the businesses operated by TAI HE TRADING CORP.

### *WANRONG TRADING CORP. and TAI HE TRADING CORP. Constitute a Single Integrated Enterprise. Alternatively, WANRONG TRADING CORP. and TAI HE TRADING CORP. are Joint Employers*

18.     Plaintiff LI ZHEN ZHU was hired by Individual Defendant XIANG QI CHEN, an officer of Corporate Defendant WANRONG TRADING CORP., to work for WANRONG TRADING CORP.

19.     Plaintiff LI ZHEN ZHU's section of approximately 30 chicken peelers was supervised in their work by Individual Defendant XIANG QI CHEN and Individual Defendant MING REN XU, an officer of TAI HE TRADING CORP.

20.     Plaintiff LI ZHEN ZHU was frequently paid her wages by TAI HE TRADING CORP., including on December 30, 2017 for the pay period ending that same day.

21.     Plaintiff LI ZHEN ZHU's December 30, 2017 paycheck was signed by Individual Defendant YI ANG SHAO and Individual Defendant TAO TAO REN, officers of Corporate Defendant WANRONG TRADING CORP. and TAI HE TRADING CORP. respectively.

22.     Corporate Defendants WANRONG TRADING CORP. and TAI HE TRADING CORP.

share premises and offices. Their principal business locations, 32-35 Hunters Point Avenue, Long Island City, NY 11101 and 32-33 Hunters Point Avenue, Long Island City, NY 11101 respectively, are adjacent to each other. TAI HE TRADING CORP.'s principal executive office is likewise located at 32-33 Hunters Point Avenue, Long Island City, NY 11101. WANRONG TRADING CORP.'s principal executive office is located at 48-43 32nd Place, Long Island City, NY 11101, which is the same building as TAI HE TRADING CORP.'s principal executive office and principal business location.

23.    For the foregoing reasons, WANRONG TRADING CORP. and TAI HE TRADING CORP. form a single integrated enterprise, with interrelated operations, common management, centralized control of labor relations, and common ownership and control.

24.    Alternatively, WANRONG TRADING CORP. and TAI HE TRADING CORP. are joint employers, because WANRONG TRADING CORP. and TAI HE TRADING CORP. share and benefit from the services of each other's employees, because TAI HE TRADING CORP. acts in WANRONG TRADING CORP.'s interests in relations to WANRONG TRADING CORP.'s employees, and because WANRONG TRADING CORP. and TAI HE TRADING CORP. are so closely associated with their employees' employment that they share control of employees.

***Owner/Operator Defendants***

25.    The Owner/Operator Defendants are officers, directors, managers and/or majority shareholders or owners of the Corporate Defendants WANRONG TRADING CORP. and/or TAI HE TRADING CORP., and being among the ten largest shareholders, are individually responsible for unpaid wages under the New York Business Corporation Law.

26.    Owner/Operator Defendant YI ANG SHAO 1) had the power to hire and fire employees, 2) supervised and controlled employee work schedules or conditions of employment, 3)

determined employees' rates and methods of payment, and 4) maintained employee records at WANRONG TRADING CORP. and TAI HE TRADING CORP.

27.    YI ANG SHAO is the Chief Executive Officer of WANRONG TRADING CORP. and signed Plaintiff LI ZHEN ZHU's December 30, 2017 paycheck.

28.    Upon personal knowledge of Plaintiff, YI ANG SHAO acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL § 2 and the regulations thereunder, and is jointly and severally liable with WANRONG TRADING CORP. and TAI HE TRADING CORP.

29.    Owner/Operator Defendant XIANG QI CHEN 1) had the power to hire and fire employees, 2) supervised and controlled employee work schedules or conditions of employment, 3) determined employees' rates and methods of payment, and 4) maintained employee records at WANRONG TRADING CORP. and TAI HE TRADING CORP.

30.    XIANG QI CHEN actually hired Plaintiff LI ZHEN ZHU, actually managed Plaintiff LI ZHEN ZHU in her work on a day-to-day basis, and is the registered agent of WANRONG TRADING CORP.

31.    Upon personal knowledge of Plaintiff, XIANG QI CHEN acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL § 2 and the regulations thereunder, and is jointly and severally liable with WANRONG TRADING CORP. and TAI HE TRADING CORP.

32.    Owner/Operator Defendant MING REN XU 1) had the power to hire and fire employees, 2) supervised and controlled employee work schedules or conditions of employment, 3)

determined employees' rates and methods of payment, and 4) maintained employee records at WANRONG TRADING CORP. and TAI HE TRADING CORP.

33.    MING REN XU actually managed Plaintiff LI ZHEN ZHU in her work on a day-to-day basis, and is the Chief Executive Officer of TAI HE TRADING CORP.

34.    Upon personal knowledge of Plaintiff, MING REN XU acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL § 2 and the regulations thereunder, and is jointly and severally liable with WANRONG TRADING CORP. and TAI HE TRADING CORP.

35.    Owner/Operator Defendant TAO TAO REN 1) had the power to hire and fire employees, 2) supervised and controlled employee work schedules or conditions of employment, 3) determined employees' rates and methods of payment, and 4) maintained employee records at WANRONG TRADING CORP. and TAI HE TRADING CORP.

36.    TAO TAO REN is the registered agent of TAI HE TRADING CORP. and signed Plaintiff LI ZHEN ZHU's December 30, 2017 paycheck.

37.    Upon personal knowledge of Plaintiff, TAO TAO REN acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL § 2 and the regulations thereunder, and is jointly and severally liable with WANRONG TRADING CORP. and TAI HE TRADING CORP.

38.    Plaintiff has fulfilled all conditions precedent or those conditions have been waived.

## **STATEMENT OF FACTS**

39.    Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective, and the Rule 23 Class.

40.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the hourly minimum wage rate for each hour worked.

41.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees their lawfully due overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

42.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees their lawfully due "spread of hours" compensation for working days that began and ended ten (10) hours apart.

43.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

44.     Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

45.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notice in English and in Mandarin Chinese (Plaintiff's primary language) reflecting true rates of pay and payday as well as paystubs that listed the employee's name, the employer's name, the employer's address and telephone number, the employee's rate or rates of pay, any deductions made from the employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day as required by NYLL § 195(1).

46.     Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

47.     Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, and pay day.

48.    Defendants willfully and intentionally committed widespread violations of the FLSA and NYLL.

*Plaintiff LI ZHEN ZHU*

49.    On or about August 1, 2013, Plaintiff LI ZHEN ZHU was hired by Individual Defendant XIANG QI CHEN to work for Corporate Defendant WANRONG TRADING CORP. peeling skin from frozen chicken parts in a meat packaging plant located at 32-35 Hunters Point Avenue, Long Island City, NY 11101.

50.    Plaintiff LI ZHEN ZHU was employed at the meat packaging plant from on or about August 1, 2013 to on or about January 31, 2014, and again from on or about August 1, 2017 to on or about July 12, 2018.

51.    In 2014, Plaintiff LI ZHEN ZHU was required by Defendants to sign a document in English that she could not read and did not understand, and that was not explained to her.

52.    Plaintiff LI ZHEN ZHU spent from on or about September 13, 2017 to November 6, 2017 in China.

53.    At all relevant times, Plaintiff LI ZHEN ZHU's work schedule ran from 06:00 to 16:00, ten (10) hours per day, Mondays through Saturdays, six (6) days per week, or sixty (60) hours per week.

54.    At all relevant times, Plaintiff LI ZHEN ZHU was paid on a piece rate of twenty dollars and fifty cents ($20.50) per box filled with peeled frozen chicken parts.

55.    At all relevant times, Plaintiff LI ZHEN ZHU filled approximately four and one half (4.5) boxes with peeled frozen chicken parts each day, or approximately twenty-seven boxes per week.

56.    At all relevant times, Plaintiff LI ZHEN ZHU's calculated hourly rate was approximately

nine dollars and twenty-three cents ($9.23).

57.    Throughout her employment, Plaintiff LI ZHEN ZHU was paid by check every other week. Plaintiff LI ZHEN ZHU was paid between one thousand dollars ($1,000) and one thousand one hundred dollars ($1,100.00) every paycheck.

58.    For the period of her employment between on or about August 1, 2017 and January 12, 2018, Plaintiff LI ZHEN ZHU's calculated hourly rate was lower than the New York minimum wage.

59.    Throughout her employment, Plaintiff LI ZHEN ZHU was required to record her working time on a company punch clock.

60.    However, throughout her employment, Plaintiff LI ZHEN ZHU was not paid one and one-half times (1.5x) her calculated hourly rate for weeks she worked more than forty (40) hours per week.

61.    Furthermore, throughout her employment, Plaintiff LI ZHEN ZHU was not paid her calculated hourly wage, or the New York minimum wage, whichever was higher, for days when she began and ended work more than ten (10) hours apart.

62.    Throughout her employment, Plaintiff LI ZHEN ZHU was not given any breaks over the course of the working day.

63.    Upon personal knowledge of Plaintiff LI ZHEN ZHU, her department consisted of about thirty (30) workers at any one time, all paid at the same piece rate as her.

## <u>COLLECTIVE ACTION ALLEGATIONS</u>

64.    Plaintiff brings this action individually and as a representative on behalf of all other current and former factory workers, including but not limited to employees handling frozen meat, who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not

compensated at least the hourly minimum wage and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

65.     Plaintiff brings her NYLL claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all current and former factory workers, including but not limited to employees handling frozen meat, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

66.     All said persons, including Plaintiff, are referred to herein as the "Class."

67.     The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P 23.

### *Numerosity*

68.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are over forty (40) members in the class.

### *Commonality*

69.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.      Whether Defendants employed Plaintiff and the Class within the meaning of the

New York law;

b.      Whether Plaintiff and Class members are paid at least the minimum wage for each hour worked under the New York Labor Law;

c.      Whether Plaintiff and Class members are entitled to and paid overtime under the New York Labor Law;

d.      Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff and the Rule 23 Class spread-of-hours pay as required by the NYLL;

e.      Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

f.      Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff and the Rule 23 Class's start of employment and/or or timely thereafter;

g.      Whether Defendants provided paystubs detailing full and accurate rates of pay and credits taken towards the minimum wage to Plaintiff and the Rule 23 class on each payday; and

h.      At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

*Typicality*

70.      Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and/or overtime compensation. They were, furthermore, subject to illegal deductions. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of

unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

### Adequacy

71.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent representing plaintiffs in both class action and wage and hour employment litigation cases.

### Superiority

72.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of

conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

73.     Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
**[Violation of the Fair Labor Standards Act—Failure to Pay Wages and Minimum Wage Brought on behalf of the Plaintiff and the FLSA Collective]**

74.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

75.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the similarly situated collective action members, for some or all of the hours they worked.

76.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

77.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced

by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II.
### [Violation of New York Labor Law— Failure to Pay Wages and Minimum Wage Brought on behalf of Plaintiff and the Rule 23 Class]

78.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

79.    At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

80.    At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the Class members, for some or all of the hours they worked.

81.    Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay minimum wages in the lawful amount for all hours worked.

82.    An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of the shortfall under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

## COUNT III.
### [Violation of the Fair Labor Standards Act—Failure to Pay Overtime Brought on behalf of the Plaintiff and the FLSA Collective]

83.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

84.    The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-

half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC § 207(a).

85.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

86.     Defendants' failure to pay Plaintiff and the FLSA Collective overtime violated the FLSA.

87.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

88.     The FLSA and supporting regulations required employers to notify employees of employment law requirements. 29 C.F.R. § 516.4.

89.     Defendants willfully failed to notify Plaintiff and the FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collective's labor.

90.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

### COUNT IV.
### [Violation of New York Labor Law—Failure to Pay Overtime
### Brought on behalf of Plaintiff and the Rule 23 Class]

91.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully

set forth herein.

92.    An employer who fails to pay overtime shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) before April 9, 2011 and one hundred percent (100%) under NY Wage Theft Prevention Act, and interest.

93.    At all relevant times, Defendants had a policy and practice of refusing to pay the overtime to Plaintiff and the Class at one and one half times their calculated hourly rates.

94.    Defendants' failure to pay Plaintiff overtime violated the NYLL.

95.    Defendants' failure to pay Plaintiff overtime was not in good faith.

**COUNT V.**
**[Violation of New York Labor Law—Failure to Pay Spread of Hours**
**Brought on behalf of Plaintiff and the Rule 23 Class]**

96.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

97.    The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours. NYLL §§ 190, *et seq.*, and §§ 650, *et seq.*, and New York State Department of Labor regulations § 142-2.4.

98.    Defendants' failure to pay Plaintiff spread-of-hours pay was not in good faith.

**COUNT VI.**
**[Violation of New York Labor Law—Failure to Provide Meal Periods**
**Brought on behalf of Plaintiff and the Rule 23 Class]**

99.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

100.    The NYLL requires that employees provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11 a.m. to 2 p.m.; an additional meal period between 5 p.m. and 7 p.m. of at least twenty (20) minutes for employees whose shift started before 11 a.m. and continues later

than 7 p.m.; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six hours and starts between 1 p.m. and 6 a.m. NYLL § 162.

101.    Defendants failed to provide meal periods required by NYLL § 162 for every day that Plaintiff and the Rule 23 class work or worked.

102.    Though the Department of Labor commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

103.    Defendants' failure to provide the meal periods required by NYLL § 162 was not in good faith.

## COUNT VII.
### [Violation of New York Labor Law—Failure to Keep Records
### Brought on behalf of Plaintiff and the Rule 23 Class]

104.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

105.    Defendants did not maintain, establish and preserve Plaintiff's weekly payroll records for a period of not less than six years, as required by 12 NCYRR § 142-2.6.

106.    As a result of Defendants' unlawful conduct, Plaintiff has sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fees, pursuant to the state law.

107.    Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff in order to facilitate their exploitation of Plaintiff's labor.

108.    Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff was not in good faith.

## COUNT VIII.
**[Violation of New York Labor Law—Failure to Provide Time of Hire Wage Notice
Brought on behalf of Plaintiff and the Rule 23 Class]**

109.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

110.    The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL § 195-1(a).

111.    Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

112.    Defendants not only did not provide notice to each employee at time of hire, but failed to provide notice to Plaintiff even after the fact.

113.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, fifty dollars ($50.00) for each workday that the violation occurred or continued to occur, up to five thousand dollars ($5,000.00), together with costs and attorneys' fees pursuant to New York Labor Law. NYLL § 198(1-b).

## COUNT IX.
**[Violation of New York Labor Law—Failure to Provide Pay Stubs
Brought on behalf of Plaintiff and the Rule 23 Class]**

114.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully

set forth herein.

115.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195-1(d).

116.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of Plaintiff, and did not provide the paystub on or after each of Plaintiff's paydays.

117.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, two hundred fifty dollars ($250.00) for each workday of the violation, up to five thousand dollars ($5,000.00) for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. NYLL § 198(1-d).

## COUNT X.
### [Violation of 26 U.S.C. § 7434—Fraudulent Filing of IRS Returns
### Brought on behalf of the Plaintiff]

118.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

119.    26 U.S.C. § 7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

120.    Due to Defendants' violations of 26 U.S.C. § 7434, Plaintiff is entitled to recover from Defendants, jointly and severally: (1) any actual damages sustained by the Plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorneys' fees.

## COUNT XI.
### [Violation of New York General Business Law § 349—Deceptive Acts and Practices Brought on behalf of the Plaintiff]

121.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

122.    NY General Business Law § 349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

123.    Due to Defendants' violations of NY GBS Law § 349, Plaintiff is entitled to recover from Defendants, jointly and severally, her actual damages or fifty dollars ($50.00), whichever is greater, or both such actions.

124.    Plaintiff demands the right to examine, in person or by attorney, the minutes of the proceedings of the shareholders and records of shareholders of Defendant Corporation to recover wages owed as employees of the corporation.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of themselves and on the behalf of the FLSA Collective and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a)    Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b)      Certification of this case as a collective action pursuant to FLSA;

c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and her counsel to represent the Collective Action Members;

d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)      An injunction against Corporate Defendants, their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)      An award of unpaid minimum wage and overtime wages due under FLSA and New York Labor Law due to Plaintiff, the Collective Action members, and the Class plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

i)       Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

j)       An award of liquidated and/or punitive damages as a result of Defendants' willful failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

k)       An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

l)       The cost and disbursements of this action;

m)       An award of prejudgment and post-judgment fees;

n)       Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

o)       Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: March 11, 2018
       Flushing, NY

TROY LAW, PLLC
*Attorneys for the Plaintiff, proposed FLSA Collective and Proposed Rule 23 Class*

 /s/ John Troy
John Troy (JT0481)
41-25 Kissena Boulevard, Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
Email: johntroy@troypllc.com