**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**------------------------------------------------------X**
LI ZHEN ZHU,
*on behalf of herself and others similarly situated,*
                         Plaintiff,

                     v.

WANRONG TRADING CORP.,
TAI HE TRADING CORP.,
YI ANG SHAO,
XIANG QI CHEN,
MING REN XU, and
TAO TAO REN,
                         Defendants.
**------------------------------------------------------X**

Case No. 18-cv-00417 (ILG)
(MMH)

**DECLARATION OF JOHN TROY IN FURTHER SUPPORT OF THE JOINT MOTION
FOR AN ORDER (1) CONDITIONALLY CERTIFYING SETTLEMENT CLASS AND
COLLECTIVE ACTION, (2) GRANTING PRELIMINARY APPROVAL TO
PROPOSED CLASS SETTLEMENT AND PLAN OF ALLOCATION, (3) DIRECTING
DISSEMINATION OF NOTICE AND RELATED MATERIAL TO THE CLASS, AND (4)
SETTING DATE FOR FAIRNESS HEARING AND RELATED DATES**

I, JOHN TROY, an attorney admitted to practice law in the State of New York and before

the United States District Court for the Eastern District of New York, hereby affirms under penalty

of perjury that:

1.  I am the principal of Troy Law, PLLC, attorneys for the Plaintiff Li Zhen Zhu and opt-in

Plaintiffs Fausto Astudillo Ortega and Tomas Diaz Cruz (collectively "Plaintiffs"), on behalf of

the Class ("Plaintiffs" or the "Class").

2.  I submit this affirmation in compliance with the Order issued by the Honorable Magistrate

Judge Marcia Henry dated April 7, 2023, in further support of the parties' Joint Motion for an

Order (1) granting preliminary approval of the Settlement Agreement and Release (*hereinafter*

"Settlement Agreement"), (2) conditionally certifying the settlement class under Fed. R. Civ. P.

23(b)(3) and 29 U.S.C. § 216(b) for settlement purposes only, (3) approving the proposed Notice

of Class Action Settlement (*hereinafter* "Proposed Notice"), (4) approve Plaintiff's proposed schedule for final settlement approval and set a date for the Fairness Hearing and related dates, (5) appoint TROY LAW, PLLC as Class Counsel ("Class Counsel") for the settlement class, and (6) appointing Simpluris as the Claims Administrator.

3.    The facts herein are based on my personal knowledge and my review of pleadings related to the case and the business records of Troy Law, PLLC ("Troy Law").

4.    The following exhibits are attached:

    1.    **Exhibit 1**: Attorneys' Invoice with Receipts (as of April 20, 2023);

    2.    **Exhibit 2**: Redacted Retainer Agreement with Plaintiff LI ZHEN ZHU;

    3.    **Exhibit 3**: Redacted Retainer Agreement with Plaintiff FAUSTO ASTUDILLO ORTEGA;

    4.    **Exhibit 4**: Redacted Retainer Agreement with Plaintiff TOMAS DIAZ CRUZ;

    5.    **Exhibit 5**: Breakdown of Named Plaintiffs Damage Calculations; and

    6.    **Exhibit 6**: Breakdown of Class Damage Calculations

5.    Below, I further supplement information as to each of the attached exhibits in support of a finding.

6.    At the time when the parties seek final approval of the settlement, we will move for final approval of the attorneys' fees.

**I.    Time/ Billing Records and Documents Supporting Requested Costs**

7.    Troy Law, PLLC has represented Plaintiff LI ZHEN ZHU since on or about March 11, 2018. Troy Law, PLLC has represented opt-in Plaintiff FAUSTO ASTUDILLO ORTEGA since on or about August 16, 2019 and Plaintiff TOMAS DIAZ CRUZ from on or about October 23, 2019.

8. Throughout this time, I have kept contemporaneous time records of the hours I have expended on this matter including the dates of services performed, the tasks I undertook in performing such services, and the hours and portions thereof used to perform such services. I have dedicated a database exclusively to maintaining such contemporaneous time records.

9. Additionally, I have instructed, supervised, and ensured that all associates and employees of Troy Law, PLLC keep contemporaneous time records of the hours they have expended on this matter including the dates of services performed, the tasks they undertook in performing such services, and the hours and portions thereof used to perform such services, in the dedicated database described above, used exclusively for maintaining such contemporaneous time records.

10. Attached hereto as **Exhibit 1** is the Time and Billing record of time spent herein, indicating the dates of services performed, the tasks undertaken in performing such services, and the hours or portions thereof used to perform such services.

### A.  Class Counsel's Requested Fees Falls Within Range of Similar Class Action Settlements

11. All of the *Goldberger* factors weigh in favor of granting approval of Class Counsel's fee application: (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations. 209 F.3d at 50 (quotation marks omitted).

12. **First**, Class Counsels and its associate attorneys and paralegals have expended about 275.06 hours prosecuting this case over the course of five years to achieve the $280,000.00 settlement.

13. Initially, both the parties were unable to settle this matter. However, both the parties had a meet and confer regarding this matter and during the meet and confer, Plaintiffs' stated their

position to settle this matter on class basis.

14. Discovery in this case has consisted of reviewing and analyzing over a thousand pages of documentation electronically produced by Defendants, including the employment data of eleven (11) reasonably representative Class Members (including Plaintiffs), time records, payroll summaries, wage notices, and paystubs for Plaintiffs and Class Members. The documents were analyzed to calculate the damages owed to the Plaintiffs and Class Members.

15. Plaintiffs contend that the documents reflect that the Defendants' piece-rate payments from time to time amounted to less than the minimum wage, overtime pay, and spread of time pay that would have been owing to them and to Class members, and that Defendants did not furnish their employees with written wage notices and accurate wage statements as required by the NYLL. Plaintiffs' counsel used the data provided by Defendants, and Plaintiffs' recollections of their employment, to inform their calculations of damages for back wages, liquidated damages, and statutory penalties owed to Plaintiffs and the Class; and assessed the merits of Plaintiffs' claims and potential damages.

16. Through discovery and multiple rounds of meet and confers with Defendants' counsels, Class Counsel obtained, reviewed, and analyzed comprehensive wage and hour records with respect to the class members. This comprehensive discovery enabled Class Counsel to perform a class-wide damage assessment.

17. The information provided by Plaintiff LI ZHEN ZHU, opt-in Plaintiffs FAUSTO ASTUDILLO ORTEGA and TOMAS DIAZ CRUZ through conferences with Class Counsel was also sufficient to persuade Defendants' counsel to contemplate settlement on a class basis after filing the Joint Pre-Trial Order in this matter.

18. Second, wage-and-hour "claims typically involve complex mixed questions of fact and

law… These statutory questions must be resolved in light of volumes of legislative history and over four decades of legal interpretation and administrative rulings." *Barrentine v. Arkansas-Best Freight Sys.*, Inc., 450 U.S. 728, 743 (1981).

19. Here, this case hinged on mixed questions of fact and law. Specifically, Plaintiffs contend that the documents show that from time to time their pay based on piece rates dipped below the minimum wage and overtime required of employers and did not include spread of time. Defendants contend that they kept accurate records of their employees' working hours and pay and that these show that any unpaid wages are *de minimis*. Plaintiffs further contend that Defendants did not furnish their employees with written wage notices or accurate wage statements as required by the NYLL. Defendants contend that they can establish a complete-payments defense and a good faith defense, among others.

20. Third, uncertainty that an ultimate recovery will be obtained is highly relevant in determining the reasonableness of an award. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 470 (2d Cir. 1974).

21. While, notwithstanding the foregoing, Plaintiffs believe that they could ultimately establish Defendants' liability, to do so would require significant factual development. Plaintiffs' counsel are experienced and realistic, and understand that the resolution of liability issues, the outcome of the trial, and the inevitable appeals process are inherently uncertain.

22. Fourth, the quality of the representation in the case is excellent, and the background as set forth in Section B for the lodestar cross check similarly supports the fees requested. "To determine the 'quality of the representation,' courts review, among other things, the recovery obtained and the backgrounds of the lawyers involved in the lawsuit." *Taft v. Ackermans*, No. 02-cv-7951, 2007 WL 414493, at *10 (S.D.N.Y. Jan. 31, 2007) (citing *In re Global Crossing*, 225 F.R.D. at 467).

23. Here, the recovery obtained was substantial, as further set forth in Section III. Breakdown of Class Damages, *infra*.

24. Fifth, the size of the settlement weighs in favor of granting the requested fee award of approximately one-third of the Settlement Fund (minus litigation expenses). *See*, e.g., *Willix*, 2011 WL 754862, at *6 (awarding class counsel one-third of $7,675,000 settlement fund in FLSA and NYLL wage and hour action); *Clark v. Ecolab, Inc.*, Nos. 07-cv-8623 (PAC), 04-cv-4488 (PAC), 06-cv-5672 (PAC), 2010 WL 1948198, at *8–9 (S.D.N.Y. May 11, 2010) (awarding class counsel 33% of $6 million settlement fund in FLSA and multi-state wage and hour case); *Khait v. Whirlpool Corp.*, No. 06-cv-6381, 2010 WL 2025106, at *8 (E.D.N.Y. Jan. 20, 2010) (awarding class counsel 33% of $9.25 million settlement fund in FLSA and multistate wage and hour case); *Westerfield v. Wash. Mut. Bank,* Nos. 06-cv-2817, 08-cv-0287, 2009 WL 5841129, at *4–5 (E.D.N.Y. Oct. 8, 2009) (awarding 30% of $38 million fund in nationwide overtime suit).

25. Here, multiplying these hours by the hourly rate of each attorney and paralegal (as set forth below) results in a lodestar amount of $103,148.50 (to date).

26. "Courts regularly award lodestar multipliers of up to **eight times** the lodestar, and in some cases, even higher multipliers." *See, Beckman v. KeyBank, N.A.,* 293 F.R.D. 467, 481–82 (S.D.N.Y. 2013) (granting 6.3 multiplier); *see also Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1052 (9th Cir. 2002) (listing nationwide class action settlements where multiplier ranged up to 19.6 times lodestar); *Steiner v. Am. Broad. Co.*, 248 F. App'x 780, 783 (9th Cir. 2007) (multiplier of 6.85 "falls well within the range of multipliers that courts have allowed"); *Yuzary v. HSBC Bank USA, N.A.*, No. 12-cv-03693 (PGG), 2013 WL 5492998, at *11 (S.D.N.Y. Oct. 2, 2013) (awarding multiplier of 7.6 in wage and hour misclassification class action); *In re RJR Nabisco, Inc. Sec. Litig.*, MDL No. 818, No. 88-cv-7905, 1992 WL 210138, at *5–8 (S.D.N.Y. Aug. 24, 1992)

(awarding multiplier of 6).

27. Class Counsel's request for one-third of the Settlement Fund, or up to $94,000.00 results in a multiplier of ninety-four hundredths times (0.94x) the lodestar.

28. Sixth, public policy considerations weigh in favor of granting Class Counsel's requested fees. In rendering awards of attorneys' fees, "the Second Circuit and courts in this district also have taken into account the social and economic value of class actions, and the need to encourage experienced and able counsel to undertake such litigation." *In re Sumitomo Copper Litig*., 74 F. Supp. 2d at 399.

### B. Experience and Professional Qualification of Office Staff Support the Hourly Rates Utilized in Lodestar Cross-Check

29. Previously, I have provided the qualifications and biography of my managing associate Aaron Schweitzer at Docket Entry No. 119.

30. Here, I additionally outline the professional qualifications and biography of office staff who appeared on the Attorney Invoice and provide the rates sought for each of the attorneys who have appeared in the present case in support of the hourly rate utilized in the lodestar cross-check.

### 1. Managing Attorney John Troy

31. I am the principal of Troy Law, PLLC and have represented Plaintiff and opt-ins since the inception of this lawsuit. I am a 1985 LLM graduate of Dickinson School of Law. I was admitted to the bar of the State of New York in 1989.

32. I have been a self-employed small business owner since 1989. As the principal attorney of Troy Law, I have continuously represented low-income immigrant workers, in wage-and-hour and employment discrimination cases in this district, as well as the sister Southern District of New York. I have routinely appeared before the New York Supreme Court, Commercial Division. I am

additionally admitted to the First, Second, and Third Circuit Courts of Appeals, the Northern and Western Districts of New York, the Connecticut District Court, the District of Columbia and the Illinois Central District Court. I have also appeared *pro hac vice* before the United States District Courts for the District of Massachusetts, for the District of New Jersey, for the Northern District of Illinois, for the District of Minnesota, and for the District of West Virginia.

33. Troy Law spearheads the nation's wage and hour employment litigation advocacy. We have one of the largest Fair Labor Standards Act case loads in the nation, and one of the largest client bases among the Asian-American and Latinx-American, among others, immigrant worker communities.

34. Troy Law has represented classes in this District and in the courts of New York, including:

- NYED 14-cv-01647-JS-SIL *Zhang et al v. Wen Mei, Inc. et al*
- NDNY 17-cv-00148-MAD-TWD *Zhang et al v. Ichiban Group, LLC et al*, and
- Westchester Sup Ct 056836/2020 *Guncay v. JCR American Builders, Inc. et al*

35. I am the attorney of record for at least one hundred seventy six (176) wage-and-hour matters in the Eastern District of New York, including:

- 1:22-cv-01614 Leh v. Five Star Beauty Salon, Inc. et al,
- 1:21-cv-07194 Wang et al v. Hebei Tiankai Foundation Engineering Technical Co., Ltd et al,
- 1:21-cv-07163 Stidhum v. 161-10 Hillside Auto Ave, LLC et al,
- 1:21-cv-07137 Tung et al v. Wan Hao Restaurant, Inc. et al,
- 1:21-cv-05002 Jiao et al v. Chulaizhadao Inc,
- 1:21-cv-03832 Lin et al v. Fuji Hana Restaurant Corp et al,
- 1:21-cv-03771 Han v. Shang Noodle House, Inc. et al,
- 1:21-cv-03305 Rilloraza v. Rhodes et al,
- 1:21-cv-03254 Wang et al v. Kirin Transportation Inc. et al,
- 1:21-cv-03211 Qi v. JD Produce Maspeth LLC et al,
- 1:21-cv-03112 Li v. Modern Lighting Corp et al,
- 1:21-cv-02678 Almazo-Ramirez et al v. Buena Vida Pharmacy, Inc. et al,
- 2:21-cv-02103 Yu et. al. v. BEY United, LLC et. al.,
- 2:21-cv-01382 Chen v. Thai Greenleaf Restaurant Corp et. al.,

- 2:21-cv-00747 Fong et. al. v. Kotobuki Restaurant, Inc. et. al.,
- 1:20-cv-06390 Li v. The Chinese Nail Salon Association of East America Inc. et al,
- 1:20-cv-06387 Pang v. Flying Horse Trucking Co Ltd et al,
- 2:20-cv-06296-KAM-ST Li v. Capri Nails & Eco Spa Inc. et. al.,
- 1:20-cv-06242 Ying v. All–Ways Forwarding of N.Y. Inc. et al,
- 1:20-cv-06076-LDH-RER Ding et al v. The Mask Pot Inc. et al,
- 2:20-cv-05631-GRB-AYS Abe v. Seyak Corp. et al,
- 1:20-cv-05557 Tan v. Starlight Tours, Inc. et al ,
- 1:20-cv-05410 Wang et al v. Kirin Transportation Inc et al,
- 2:20-cv-05269 Won et al v. Gel Factory, Corp. et al,
- 2:20-cv-05263-FB-AKT Tian v. Star Nail Salon, Inc. et al,
- 2:20-cv-04767-SJF-AKT Chiu v. East Village Staffing Inc. et al,
- 1:20-cv-04744-ARR-RLM Loh v. 212 Grand Food Corp,
- 1:20-cv-04588-CBA-CLP Wang v. You Garden Dumpling, Inc. et al,
- 1:20-cv-03667-MKB-RML Cui et al v. D Prime, Inc.
- 1:20-cv-02749 Ye et al v. Fuji Hana Restaurant Corp et al ,
- 1:20-cv-02746 Lin v. JD Produce Maspeth LLC et al,
- 1:20-cv-2637 Leong v. Laundry Depot, LLC et al,
- 1:20-cv-02266-PKC-VMS Han v. Shang Noodle House, Inc. et al,
- 1:20-cv-01597-ARR-RLM Loh v Kong Kee Food Corp. et al,
- 1:20-cv-00640-KAM-RER Cooper-Nolasco v. Royal Waste Services, inc et al,
- 2:19-cv-07313 Chen v. Asian Terrace Restaurant Inc et al.,
- 1:19-cv-07312 Pascualito v. Musano et al.,
- 1:19-cv-07304 Tang et al v. Happy Food Restaurant Inc et al
- 1:19-cv-07290-ARR-ST Almazo-Ramirez et al v. Ulises Pharmacy, Inc. et al
- 2:19-cv-07269-AMD-SMG Shen et al v. Zentao Inc et al
- 1:19-cv-07267-BMC Panora v. Deenora Corp et al
- 1:19-cv-07266-AMD-SJB Zhang v. Wan Hao Restaurant Inc. et al,
- 1:19-cv-05458-ENV-JO Stidhum v. 161-10 Hillside Auto Ave, LLC et al,
- 1:19-cv-05203-CBA-SJB Yang v. Zhou's Yummy Restaurant, Inc. et al,
- 1:19-cv-04745-MKB-CLP Caicedo Soto v. Miss Laser, Inc. et al,
- 1:19-cv-04687-PKC-SMG Singh et al v. Golam Mowla Construction, Corp. et al,
- 2:19-cv-03653-JS-ARL Guo v. JR Asian Fusion Inc et al.,
- 2:19-cv-03545 Leong v. Laundry Depot, LLC et al,
- 2:19-cv-03276 Chen v. LJC Trading New York, Inc. et al,
- 2:19-cv-03269 Ni v. Red Tiger Dumpling House, Inc. et al,
- 2:19-cv-03266-JS-GRB Xu v. Kingstech Technologies, LLC. et al,
- 1:19-cv-03236 Yang v. An Ju Home, Inc. et al,
- 1:19-cv-03149-LDH-RER Hong v. Mito Asian Fusion, Inc. et al,

- 1:19-cv-01625-ARR-SMG Stidhum et al v. 161-10 Hillside Auto Ave, LLC et al;
- 2:19-cv-00630-JS-GRB Chen v. Glow Asian Food, Inc. et al;
- 2:18-cv-07001 Yu et al v. Kim;
- 1:18-cv-06616 Xing v. Mayflower International Hotel Group Inc et al
- 2:18-cv-06614 Gu v. Lemonleaf Thai Restaurant Mineola Corporation et al
- 1:18-cv-06317-ENV-PK Pan et al v. Nutrition Rite Corporation et al
- 1:18-cv-05624-ARR-VMS Jiao et al v. Shang Shang Qian Inc et al
- 2:18-cv-05256 Kiang v. Yummy Oriental Restaurant, Inc. et al,
- 2:18-cv-05091 Chiu v. American Yuexianggui of LI LLC et al,
- 1:18-cv-04615 Zhang v. BrightRay Dental, P.C. et al,
- 1:18-cv-04614 Li v. Kingly Coach, Inc et al,
- 1:18-cv-04086 Wei v. Red Panda Asian Bistro Inc et al,
- 1:18-cv-04085 Wei v. Jing Fu House, Inc. et al,
- 2:18-cv-03923 Her v. Song's Family Food 2 Inc et al
- 2:18-cv-03817 Huang et al v. Gel Factory, Corp. et al,
- 2:18-cv-03266 Wang v. Mandarin Glen Cove, Inc. et al,
- 2:18-cv-03249 Lin v. Lumix Hibachi Restaurant, Inc. et al,
- 1:18-cv-03246 Lin et al v. New Fresca Tortillas, Inc. et al,
- 1:18-cv-00886 Lin et al v. Shanghai Original, Inc. et al,
- 1:18-cv-00729 Yang et al v. Everyday Beauty Amore Inc et al,
- 1:18-cv-00417 Zhu v. Wanrong Trading Corp.,
- 1:18-cv-00253 Zheng et al v. Panarium Kissena Inc. et al,
- 1:17-cv-07603 Suarez Castaneda et al v. F&R Cleaning Services Corp,
- 1:17-cv-07601-ARR-SMG Zeng v. The Parc Hotel LLC Summons Issued et al,
- 1:17-cv-07600 Shum v. JILI Inc et al,
- 2:17-cv-07598 Hsieh v. Revive Nails Spa Corp et al,
- 1:17-cv-7547 Zhuang et al v. Huis Garden Restaurant Inc et al,
- 1:17-cv-7509 Xie v. Sakura Kai I Inc. et al,
- 1:17-cv-6648 Liu v. DSM Laundromat Inc. et al,
- 1:17-cv-6563 Bi v. Guan Dong Yi Jia, Inc. et al,
- 1:17-cv-06464 Yip v. McDonald's Corporation et al,
- 1:17-cv-05571 Gao v. Strong America Limited et al,
- 1:17-cv-05570 Du v. Ma Roo, Inc. et al,
- 2:17-cv-04358 Lin v. Kerdniyom v. Frankie Thais Inc. et al et al,
- 2:17-cv-04357 Lin v. Autumn Sky Enterprise Corp. et al,
- 1:17-cv-04202-ADS-AYS Yu et al v. Kotobuki Restaurant, Inc. et al,
- 1:17-cv-03903-DLI-PK Zhang v. Pur Pac Inc.,
- 1:17-cv-03882-RJD-RML Lin v. Amway Corp.,
- 1:17-cv-03808-CBA-RER Chen v. Dunkin' Brands, Inc.,
- 1:17-cv-03737 Lin v. Monda Window & Door Systems, Inc. et al,
- 1:17-cv-03435-WFK-SMG Lin v. Joe Japanese Buffet Restaurant Inc. et al,
- 1:17-cv-03181-PKC-JO Huang v. GW of Flushing I, Inc. et al,
- 1:17-cv-03043-DLI-JO Lin v. Quality Woods, Inc. et al,
- 2:17-cv-02759-JS-AKT Wu v. Amazon.com, Inc. et al,

- 1:17-cv-02558-ARR-RER Loo v. I.M.E. Restaurant Inc. et al,
- 1:17-cv-02539-ERK-RER Chia et al v. Bangkok Thai Cuisine, Inc. et al,
- 1:17-cv-02174-KAM-JO Hong et al v. 7 Express Restaurant Corp. et al,
- 1:17-cv-01044-CBA-SMG Lin v. Rising Sun Restaurant, Inc. et al,
- 1:17-cv-01015-JBW-RML Li v. Western Metal Work & Supply, Inc. et al,
- 1:17-cv-00646-WFK-RML Plasencia Sanchez et al v. Vital Drugs, Inc. et al,
- 1:17-cv-00643-ENV-SMG Zhou v. Golden Leaf Sky, Inc. et al,
- 1:16-cv-06490-ARR-ST Almazo-Ramirez v. Santo Domingo Pharmacy Inc. et al,
- 1:16-cv-06123-CBA-RER Buestan v. Gal Bi Ma Eul, Inc. et al,
- 1:16-cv-05633-ARR-JO Jin et al v. Shanghai Original, Inc. et al,
- 2:16-cv-05316-SJF-AKT Qu v. Wendy Nail & Spa Inc. et al,
- 1:16-cv-05185-ERK-JO Shi v. DXN Mike Corporation et al,
- 1:16-cv-05184-AMD-RML Liu et al v. VMC East Coast LLC et al,
- 1:16-cv-04840-WFK-LB Sun et al v. Sushi Fussion Express, Inc. et al,
- 1:16-cv-04720 Xu et al v. Jessica Holding, Inc. et al,
- 1:16-cv-04587-AMD-RML Zhang v. DHC NY Corp et al,
- 1:16-cv-03970-PKC-RER Zhang v. Gal Bi Ma Eul, Inc. et al,
- 1:16-cv-03712-RJD-RML Wei v. Penang House, Inc. et al,
- 1:16-cv-03254-NGG-RML Qi v. Hunan Kitchen Flushing Inc. et al,
- 1:16-cv-02907-ARR-VMS Valera v. Law Office of S. Michael Musa-Obregon, P.C
- 1:16-cv-02694-RRM-RML Jiao v. Kitaku Japanese Restaurant, Inc. et al,
- 1:16-cv-02474-AMD-RML Lin et al v. The Dolar Shop Restaurant Group, LLC et al
- 2:16-cv-01354-ADS-SIL Davis v. Cheng et al,
- 2:16-cv-01353-LDW-AKT Yang et al v. Flushing Food, Inc. et al,
- 2:15-cv-07440-LDW-ARL Zhang et al v. XYZ Limousine, Inc. et al,
- 2:15-cv-07439-LDW-AYS Gao v. Yellowstone Transportation, Inc. et al,
- 1:15-cv-07438-KAM-VMS Piao v. Main 15 Lee, LP et al,
- 2:15-cv-07398-JMA-GRB Chen v. Kyoto Sushi, Inc. et al,
- 2:15-cv-07396-AKT Singh v. A & A Market Plaza, Inc. et al,
- 1:15-cv-06399-KAM-PK Qin v. Sensation Neo Shanghai Cuisine, Inc. et al,
- 2:15-cv-06206-JMA-AYS Chen v. Marvel Food Services LLC
- 2:15-cv-05081-SLT-MDG Sanchez Juarez et al v. 156-40 Grill LLC et al
- 2:15-cv-05080-LDW-ARL Leong v. Utopia Home Care, Inc. et al
- 1:15-cv-04987-LDH-MDG Wang v. Ping An Jia Yuan Family Care Services, Inc.,
- 1:15-cv-04917-CBA-MDG Yang v. Richmond Hill Laundry, Inc. et al,
- 1:15-cv-04363-ILGSMG Tam et al v. Star Nissan, Inc. et al (challenging racial employment discrimination where English-speaking Chinese car salesmen were allowed to sell to Chinese-speaking customers only, while other car salesmen can make sales to all clients, as well as minimum wage and overtime violations where salary paid is less than one-and-one-half times the minimum wage)
- 2:15-cv-04194-JMA-SIL Ji v. Jling Inc. et al.
- 1:15-cv-03642-WFK-CLP Luo et al v. Panarium Kissena Inc. et al,
- 1:15-cv-03364-SJRML Song v. Tasty Roast House, Inc. et al,

- 1:15-cv-03058-ENV-LB Feng v. Soy Sauce LLC et al,
- 1:15-cv-02215-CBA-VMS Guan v. Long Island Business Institute, Inc. (challenging racial employment discrimination with lesser pay, more work, and lesser (no) benefits for Chinese sanitation workers and a concerted effort to replace them with Hispanic workers, as well as overtime violations)
- 1:15-cv-01769-RRM-RER Song v. NY Fire LLC et al,
- 1:15-cv-01719-KAM-SMG Lu v. Triborough Construction Services, Inc. et al,
- 1:14-cv-07587-SLT-RER Hou v. Long Island Business Institute, Inc. et al,
- 1:14-cv-06052-BMC Luo v. Liu et al,
- 1:14-cv-04824-JBW-JO Yu v. Star Bakery, Inc. et al,
- 1:14-cv-04532-SLT-MDG Gutierrez et al v. 156-40 Grill LLC et al,
- 1:14-cv-04385-CBA-MDG, Yu v. Panarium Kissena Inc. et al (the lawsuit ended Fay Da Bakery's centralized and uniform practice of illegally deducting meal credit from employee paychecks, affecting more than one hundred employees in more than ten Fay Da Bakery stores),
- 1:14-cv-04188-JG-JMA Shi v. New Saigon Restaurant, Inc. et al,
- 1:14-cv-03435-SLT-RLM Chen et al v. Shanghai Tan Restaurant, Inc. et al,
- 2:14-cv-01828-JFB-ARL Li et al v. Tyku Sushi & Lounge Inc. et al,
- 1:14-cv-01719-RML Bai et al v. Eastern Security System, Inc. et al,
- 2:14-cv-01647-JS-SIL Zhang et al v. Wen Mei Inc. et al,
- 1:14-cv-01491-WFK-VMS Wang v. Empire State Auto Corp. et al,
- 1:14-cv-01003-BMC Luo v. L&S Acupuncture, P.C. et al,
- 1:14-cv-00294-BMC Tan v. Kong,
- 1:13-cv-05791-PKC-VMS Jiao v. Garden Plaza LLC et al,
- 1:13-cv-05790-ILG-SMG Bai v. Zhuo et al,
- 2:13-cv-05233-JFB-AYS Han v. Lin's Nail Salon Inc. et al,
- 2:13-cv-04761-LDW-GRB Gao v. Golden Garden Chinese Restaurant Inc. et al (reversed Magistrate Judge's Order directing plaintiff to provide information and documents relating to his immigration status),
- 1:13-cv-04760-RML Chen v. Macro Gan Eden Inc. et al,
- 2:13-cv-04108-ADS-SIL Li v. Pinwei Life Restaurant Inc. et al,
- 2:13-cv-03221-ADS-WDW Gu et al v. Philippe North America Restaurants LLC et al,
- 1:13-cv-03220-SLT-RML Zhang v. Joy's Hair Studio, Inc. et al,
- 2:13-cv-01628-AKT Li v. Gim Fong Restaurant et al,
- 2:12-cv-05582-AKT Zhou v. Elaine's Asian Bistro Corp. et al,
- 1:12-cv-05008-MKB-SMG Wang et al v. LW Restaurant, Inc. et al,
- 1:12-cv-03462-BMC Li v. King Wok Chinese Kitchen Inc. et al (featured on World Journal on June 18, 2013),
- 1:12-cv-03461-NGG-RML Pak et al v. Great Neck Mazel Fortune Restaurant LLC
- 1:12-cv-02779-WFK-VMS Li v. Empire State Auto Corp. et al,
- 1:12-cv-02147-NGG-SMG Weng v. Minni Shabu Shabu Inc. et al,
- 1:12-cv-02146-JMA Lin, Chang Mei, v. Yeh's Bakery, Inc. et al (finding that a reasonable jury could conclude that defendant bakery earned over $500,000

annually based on plaintiff baker's estimate in spite of defendant's tax returns to the contrary),

- 1:12-cv-01046-SMG Tan et al v. Minni Shabu Shabu Inc. et al,
- 1:12-cv-01045-FBJ-MA Zhang v. Bally Produce Corp. et al,
- 2:12-cv-00513-SJFETB Pu v. Qin et al,
- 1:12-cv-00316-RER Lee et al v. Kim et al,
- 2:11-cv-05637-LDW-ARL Wang v. Yao et al,
- 2:11-cv-05636-PKC-SIL Li v. Li et al, and
- 1:09-cv-05018-JO Gunawan v. Sake Sushi Restaurant, Inc.

36. Additionally, I am the attorney of record for at least two hundred six (206) wage-and-hour matters in the Southern District of New York, including:

- 1:22-cv-02430 Yuquilema Mullo et al v. DoorDash, Inc. et al,
- 7:21-cv-11226 Singh v. 9D Food Mart Inc. et al,
- 1:21-cv-11225 Chang v. L&L New Beginnings LLC et al,
- 7:21-cv-08499 Singh et al v. MH Mobile 300 Inc.,
- 1:21-cv-07614 Lin v. Canada Goose US, Inc.,
- 1:21-cv-06993 Wallace v. International House of Pancakes, LLC et al,
- 1:21-cv-06959 Gao v. A Canaan 168 Inc et al,
- 1:21-cv-05757 Wallace v. Crab House, Inc. et al,
- 1:21-cv-05381 Wallace v. Crab House, Inc. et al,
- 1:21-cv-04757 Chen et al v. Lam et al,
- 1:21-cv-00231-GHW Ramirez et al v. Archdiocese of New York et al,
- 1:20-cv-11026 Bello Herrera et al v. Manna 2nd Avenue LLC et al,
- 1:20-cv-09725-JPC Abe v. Uezu Corporation et al,
- 7:20-cv-09590-PMH Singh v. Joginder Food Mart Inc. et al,
- 7:20-cv-09198-KMK Ahn v. MB Rye Metro Nail, Inc. et al,
- 7:20-cv-08245-PMH Bermejo Sanango v. Ruby Nails Tarrytown, Inc. et al,
- 1:20-cv-05786-LGS Wu v. Eight Oranges, Inc. et al
- 1:20-cv-04324-PGG-SDA Chen v. Canteen 82 Inc. et al,
- 1:20-cv-04214-GHW Yang v. SMJ Construction Inc et al,
- 7:20-cv-03904-PMH Liang v. Master Wok, Inc. et al,
- 7:20-cv-03853-Singh et al v. Meadow Hill Mobile, Inc. et al,
- 7:20-cv-02641-PMH Zhang v. Jun Wei Inc. et al,
- 1:20-cv-02635-PAE Carranza v. VBFS Inc. et al,
- 1:20-cv-02633-VSB Hong, Yingcai v. Lin's Garden Restaurant Inc. et al,
- 1:19-cv-11924-JPO Du v. Dingxiang Inc et al
- 1:19-cv-11895-JMF Chen v. Matsu Fusion Restaurant Inc et al
- 1:19-cv-11888 Santos Hernandez v. Relay Delivery, Inc. et al
- 1:19-cv-11885 Xu v. Kealoha Sushi Inc et al
- 1:19-cv-11883-GBD Chen et al v. Dun Huang Corp et al
- 1:19-cv-11882-KPF Weng v. HungryPanda US, Inc. et al

- 7:19-cv-11881-VB Ji v. Aily Foot Relax Station Inc et al
- 1:19-cv-11168-UA Sarikaputar et al v. Veratip Corp. et al
- 1:19-cv-08502-JMF Shi v. TL & CG Inc. et al
- 1:19-cv-07710-LTS-SN Xi v. Mira Sushi Inc. et al
- 1:19-cv-07702-LGS Huang et al v. Shanghai City Corp et al,
- 1:19-cv-07654-VEC Chen v. Lilis 200 West 57th Corp. et al,
- 1:19-cv-07601-WHP Yu v. Shanghai Dumpling, Inc. et al
- 1:19-cv-07601-WHP Yu v. Shanghai Dumpling, Inc. et al
- 1:19-cv-06115-PGG-DCF Chen v. L & H Wine & Liquor, Inc. et al
- 1:19-cv-05828-PGG-KHP Lu v. Purple Sushi, Inc. et al,
- 1:19-cv-05616-Yang et al v. An Ju Home Inc. et al,
- 1:19-cv-05339-UA Dai et al v. King Jade Garden Inc.,
- 1:19-cv-05310-JGK Wang v. Ren,
- 1:19-cv-05168 Wang v. Maxim International Group, Inc. et al,
- 1:19-cv-05145 Wang v. CLL Brothers, Inc. et al,
- 7:19-cv-05074-NSR Chen v. Spring Nails & Spa Westchester, Inc. et al,
- 7:19-cv-05073 Hong v. Sushi Village 53, Inc. et al,
- 1:19-cv-05072-RA Wang v. Xing Yue Inc. et al,
- 7:19-cv-05018-NSR Hong v. JP White Plains, Inc. et al
- 1:19-cv-02632-JGK Wu v. Lan Sheng Szechuan Food Inc et al,
- 1:18-cv-10338-ALC Cao v. 155 S.G.S. CORP et al,
- 7:18-cv-10334-CS Wan v. YWL USA Inc et al,
- 1:18-cv-08274 Cao v. M & J Asian Restaurant Inc. et al,
- 1:18-cv-08259 Zhang v. Four Seasons Beauty Spa, Inc. et al,
- 7:18-cv-07413 Chen v. Kicho Corporation et al.,
- 1:18-cv-07342 Tecocoatzi-Ortiz et al, v. Just Salad LLC et al,
- 1:18-cv-06442 Gao v. A Canaan Sushi Inc. et al,
- 1:18-cv-06439 Gao v. Umi Sushi, Inc. et al,
- 1:18-cv-06430 Li v. Hui Yang Nails & Beauty Spa Inc et al,
- 1:18-cv-06231 Su v. Wah Fung USA Inc et al,
- 1:18-cv-06175 Solares-Gonzaga v. Essen22 LLC et al,
- 1:18-cv-06174 Chang et al v. CK Tours, Inc et al,
- 1:18-cv-06018 Yeh v. Han Dynasty, Inc,
- 1:18-cv-05448 Qiu et al v. Shanghai Cuisine, Inc. et al,
- 1:18-cv-04941 Ye v. 2953 Broadway LLC et al,
- 1:18-cv-04734-LGS Zhao et al v. Matsu Fusion Restaurant, Inc. et al,
- 1:18-cv-04690-ER Wu et al v. iFresh Incorporated et al,
- 1:18-cv-03551-GHW Chen et al v. Koto Japanese Steak House Inc,
- 1:18-cv-03101-JMF Luo v. Kaiyi Inc. et al,
- 1:18-cv-01715 Lin et al v. Shanghai Original, Inc. et al,
- 1:18-cv-00528-GBD Lin v. Yuri Sushi Inc,
- 1:17-cv-10250 Lawrence v. Curry Shack, Corp.,
- 1:17-cv-10248 Law v. AAE Express (NY) Corp.,
- 1:17-cv-10244 Jinquan et al v. Pomodoro Italian Express Inc. et al,

- 1:17-cv-10243 Su et al v. Hailu Asian Bistro Inc.,
- 1:17-cv-10242 Apolinar-Mateos v. Bowery Hospitality Associates LLC et al,
- 1:17-cv-10240 Zhong et al v. Royal Siam Restaurant, Inc et al,
- 1:17-cv-10161 Hu et al v. 226 Wild Ginger Inc. et al,
- 1:17-cv-09582 Wang v. Yong Lee Inc. et al,
- 1:17-cv-09465 Zhang et al v. New Beijing Wok, Inc. et al,
- 1:17-cv-08791 Gao v. Shine Glory LLC et al,
- 1:17-cv-08715 Li v. Wok 88 Inc. et al,
- 1:17-cv-08159 Gao v. Lucky Brother Inc et al,
- 1:17-cv-07066 Zhang et al v. Hiro Sushi at Ollies Inc. et al,
- 1:17-cv-06713 Cui v. East Palace One, Inc. et al,
- 1:17-cv-06197 Dai et al v. Lychee House Inc. et al,
- 1:17-cv-06153 Chen v. Sushi 21 NY Inc. et al,
- 1:17-cv-05234 Altamirano v. La Stanza NYC LLC et al,
- 1:17-cv-04746-ALC Chen v. Ginza Sushi 1688 Inc et al,
- 1:17-cv-04661-PGG Wu v. Sushi Nomado of Manhattan, Inc. et al,
- 1:17-cv-04536-PAE Zhang v. Li Feng Eatery Inc. et al,
- 1:17-cv-04277-PKC Li v. Tina Nail Spa Salon Inc. et al,
- 1:17-cv-04234-ALC Lin v. Lava Kitchen Inc. et al,
- 1:17-cv-04058-RA Kwan v. Sahara Dreams Co. II Inc. et al,
- 7:17-cv-03795-CS Singh et al v. Best NY Contracting, Inc. et al,
- 1:17-cv-03787-JMF Singh et al v. Dany Restoration Inc. et al,
- 1:17-cv-02536-UA Chen v. Shanghai Cafe Deluxe, Inc. et al,
- 1:17-cv-02517-GBD Zhao v. Soho Sushi, Inc. et al,
- 1:17-cv-02013 Wang v. Happy Hot Hunan Restaurant, Inc et al,
- 1:17-cv-01938-RMB Zhou v. Legend 72, LLC et al
- 1:17-cv-01774-WHP Lin et al v. Teng Fei Restaurant Group Inc. et al,
- 1:17-cv-00840-VSB Wang et al v. Shun Lee Palace Restaurant, Inc. et al,
- 1:17-cv-00816-LGS Tangtiwatanapaibul et al v. Tom & Toon Inc et al,
- 1:17-cv-00814-ALC Sarikaputar et al v. Veratip Corp. et al,
- 1:17-cv-00802-GBD Chen et al v. Hunan Manor Enterprise, Inc. et al,
- 1:17-cv-00440-LAP Dai v. Ko-Zushi Japanese Restaurant, Inc. et al,
- 1:17-cv-00275-UA Zhu v. Atami on 2nd Avenue, Inc. et al,
- 1:17-cv-00273-LAP Weng et al v. Kung Fu Little Steamed Buns Ramen, Inc. et al,
- 1:16-cv-09302-LAP Tan v. SHK Management Inc. et al,
- 1:16-cv-07787-ALC Li v. Chinatown Take-Out Inc. et al,
- 1:16-cv-07079-JGK Mayoral-Climico et al v. Papa Fresh, Inc. et al,
- 1:16-cv-07078-JGK Camara et al v. Just Salad 600 Third LLC et al,
- 1:16-cv-06800-GHW Li v. Hiro Sushi at Ollie's Inc. et al,
- 1:16-cv-06762 Mayoral-Climico et al v. Merilu Pizza Al Metro, Inc. et al,
- 1:16-cv-06677-PGG Mayoral-Climico et al v. Ninth Avenue Wings, Inc. et al.,
- 1:16-cv-06274-RJS De Los Santos et al. v Hat Trick Pizza, Inc et al,
- 1:16-cv-06219-ER Liu et al. v. J.R.H. Restaurant Group, Inc. et al,
- 1:16-cv-05735-GHW Chen et al. v 2425 Broadway Chao Restaurant, LLC, et al,

- 1:16-cv-04790-WHP Chen v. Shanghai Café Deluxe, Inc. et al,
- 1:16-cv-04093-JMF Pu v. Matsu, Inc. et al,
- 1:16-cv-04018-ALC Guerrero Tapia v Applied Underwriters Captive Risk Assurance Company, Inc. et al,
- 1:16-cv-03599-LTS Wang v Hanami Sushi, Inc. et al,
- 1:16-cv-02015-GBD Shen et al. v John Doe Corporation et al,
- 1:16-cv-02014-AT Guo v Yahiro Inc et al,
- 1:16-cv-02012-JGK Chen et al. v. Best Miyako Sushi Corp. et al,
- 1:16-cv-02005-LGS Chen et al v. H.B. Restaurant Group, Inc. et al,
- 1:15-cv-8776-AJN Zhang et al v. Lemon Green Corp. et al.,
- 1:15-cv-8655-KBF Espinobarros Apolinar et al. v. R.J. 49 REST, LLC et al.,
- 1:15-cv-10186-ER Wen v. Hair Party 24 Hours Inc., et al,
- 1:15-cv-10185-ALC She v Friedman et al,
- 1:15-cv-10184-VEC Xing et al v. Fishion, Inc. et al,
- 1:15-cv-10183-JGK Alvino Rea Rea et al v. Just Salad 600 Third LLC et al,
- 7:15-cv-09635-VB Zheng et al v. J&J US Trading Inc. et al.
- 1:15-cv-09507-DCF Lin v. La Vie en Szechuan et al.,
- 1:15-cv-09370-GHW Zhang et al v. 89 Tenzan Japanese Cuisine Inc et al.,
- 7:15-cv-09284-VB Lin v. Wild Wasabi, Inc. et al,
- 1:15-cv-06886-AKH Lin v. Arata Izumi Japanese Restaurant, Inc. et al.,
- 1:15-cv-06527-AT Guo et al. v. Lemongrass on Broadway Corporation et al.,
- 1:15-CV-06252-JMF Mao et al v. Sands Bethworks Gaming LLC et al.,
- 1:15-cv-05434-PGG Cao et al v. Atami on 2nd Avenue, Inc. et al,
- 1:15-cv-05031-GBD Zhang v. Sunshine USA, Inc. et al,
- 1:15-cv-04946-VSB Zhang v. Akami Inc. et al,
- 1:15-cv-04938-JPO Chen v. AKI 36 INC. et al,
- 1:15-cv-04433-LGS Li et al v. 8868 Corp et al,
- 1:15-cv-02449-LTSAJP Chen v. Ho Wong Take-Out, Inc. et al,
- 1:15-cv-02448-ALC Zhang v. Cha Pa's Noodles and Grill Corp. et al,
- 1:14-cv-10243-LGS Che et al v. La Tova, Inc. et al,
- 1:14-cv-10242-AJN-JCF Li et al v. Ichiro Sushi, Inc. et al,
- 1:14-cv-10240-LGS Zheng v. China Moon Hospitality Corp. et al,
- 7:14-cv-10239-LMS Tang v. JP White Plains, Inc. et al,
- 1:14-cv-10237-VSB Chen v. Empire East 34, Inc. et al,
- 1:14-cv-09293-VEC Li v. Oliver King Enterprises, Inc. et al,
- 1:14-cv-07102-SHSJLC Feng et al v. Hampshire Times et al,
- 1:14-cv-06103-VEC Zhao et al v. L & K Restaurant, Inc. et al,
- 7:14-cv-04737-LMS He et al v. Kirari Sushi, Inc et al,
- 1:14-cv-03970-VSB Guan et al v. New Akita Inc. et al,
- 1:14-cv-03967-JMF Chen v. Y Cafe NYC Inc. et al,
- 1:14-cv-03964-PAE Guo et al v. Tommy's Sushi Inc. et al,
- 1:14-cv-03963-AJN Chen v. Mee Noodle Shop and Grill Inc et al,
- 1:14-cv-02451-ER Rodpracha et al v. Pongsri Thai Restaurant Corp. et al (certified as a Rule 23 class with well over one hundred and fifty (150) members),

- 1:14-cv-02450-PAE Zhou et al v. Xing et al,
- 1:14-cv-00269-RJS Najera et al v. Aoyama Sushi Inc. et al,
- 7:13-cv-07519-NSR Wang v. Qiu Imperial Wok, Inc. et al,
- 1:13-cv-06667-PAE-JCF Zhang et al v. Lin Kumo Japanese Restaurant Inc. et al,
- 1:13-cv-07372-VEC Li v. Oliver King Enterprises, Inc. et al,
- 1:13-cv-06534-ER Yap et al v. Mooncake Foods, Inc. et al,
- 1:13-cv-06533-PAC Weng et al v. New Kam Lai A LLC et al,
- 1:13-cv-06532-RMB Liu v. Tasty King, Inc. et al,
- 1:13-cv-04477-RAFM Lobsang et al v. Sate Restaurant Inc.,
- 7:13-cv-03887-LMS Luo et al v. The True Grapevine Restaurant, Inc. et al,
- 7:12-cv-08870-KMK-PED Su et al v. Haiku Asian Bistro Inc. et al
- 1:12-cv-07503-NRB Liew v. Mooncake Foods, Inc. et al,
- 1:12-cv-07237-HBP Low et al v. Tian Yu Inc. et al,
- 1:12-cv-03151-LTS-MHD Gao v. Salaam Bombay, Inc. et al,
- 1:12-cv-01054-TPG Liang et al v. J.C. Broadway Restaurant, Inc. et al,
- 1:11-cv-06483-KBF Ni v. Tian Yu Inc. et al,
- 1:11-cv-04867-NRB Wang et al v. Akita, Inc. et al, and
- 1:10-cv-03913-BSJ-MHD Sun et al v. Liberty View Restaurant Inc. et al (featured on World Journal and Sing Tao Daily on November 26, 2011).

37. Additionally, I am the attorney of record for forty (40) wage-and-hour matters in the Northern District of New York, Western District of New York, District of New Jersey, District of Connecticut, District of Illinois, District of Massachusetts, District of Minnesota, District of Pennsylvania, and District of West Virginia:

- N.D.N.Y. 1:17-cv-00148-MAD-TWD Zhang v. Ichiban Group, LLC et al,
- N.D.N.Y. 1:16-cv-00863-DNH-DEP Li v. Ichiban Mei Rong Li Inc. et al,
- N.D.N.Y. 1:11-cv-01256-GTS-DRH Low v. Wang et al,
- W.D.N.Y. 1:17-cv-00656 Yu v. King Buffet in Springville, Inc. et al,
- D.N.J. 2:20-cv-5942 LIN et al v. Fada Group Inc., et al;
- D.N.J. 2:19-cv-12742-CCC-JBC Yang v. Somchai and Company Inc et al;
- D.N.J. 2:19-cv-09392-KM-MAH Yang v. Taste of North China, LTD et al;
- D.N.J. 2:18-cv-13791 Chen v. Main Moon Lin Inc. et al,
- D.N.J. 2:18-cv-11347 Wang et al v. An Da NJ Construction LLC et al,
- D.N.J. 3:18-cv-11278 Lin v. Wasabi N' Wok Inc et al,
- D.N.J. 2:18-cv-11277 Li v. Chinese Body Works, Inc et al,
- D.N.J. 2:18-cv-10359 Zhang v. Chongqing Liuyishou Gourmet NJ Inc et al,
- D.N.J. 2:18-cv-10358 Ding v. Baumgart Restaurat, Inc. et al,
- D.N.J. 2:18-cv-09887 Li v. Soup Dumpling Plus Inc. et al,
- D.N.J. 2:17-cv-12867 Liu et al v. Cheng Du 23 Inc et al,
- D.N.J. 2:16-cv-04798-KM-MAH Yue v. HYC Corp. et al,

- D.N.J. 1:16-cv-03634-RBK-JS Zhou v. Best Food in Town I LLC et al,
- D.N.J. 2:16-cv-02811-KSH-CLW Goh v. Nori O Inc. et al,
- D.N.J. 3:16-cv-02443-MAS-TJB Wang et al v. Saker Shoprites, Inc. et al,
- D.N.J. 2:15-cv-07963-MCA-LDW Goh v. Nori O Inc. et al,
- D.N.J. 2:15-cv-06310-KM-MAH Goh v. Coco Asian Cuisine, Inc. et al,
- D.N.J. 2:15-cv-05530-ES-MAH Ha v. Baumgart Cafe of Livingston et al,
- D.N.J. 3:15-cv-02950-MAS-DEA Wang et al v. Chapei LLC et al,
- D.N.J. 2:14-cv-00812-MAH Zhou v. Related Restaurant Group, LLC et al,
- D.N.J. 2:14-cv-00809-JMV-MF Yin et al v. Hanami Westwood, Inc. et al,
- D.N.J. 2:12-cv-02845-SRC-MAS Shu et al v. Noodle Restaurant, Inc. et al,
- D. Conn. 3:20-cv-00687-VLB Lin v. New China King Zheng Inc. et al
- D. Conn. 3:19-cv-02024-AVC Chang v. Jenny Jn Nails, Inc. et al
- D. Conn. 3:19-cv-02018-AVC Yeung v. New Foliage, Inc. et al
- D. Conn. 3:19-cv-02017-VAB Lu et al v. Diamond Nail Salon, LLC et al
- D. Conn. 3:18-cv-01126-JAM Zheng v. Lydia M.C. LLC et al,
- D. Conn. 3:18-cv-00203-CSH Zhen Zhu v. Matsu Corp. et al,
- D. Conn. 3:17-cv-01096-JAM Sun v. Panda III Grenwich, Inc. et al,
- D. Conn. 3:12-cv-00874 Lin et al v. Wild Rice, Inc. et al,
- D. Ill. 1:18-cv-06848 18-cv-06848 Lin v. Monda Window & Door Systems, Inc. et al,
- D. Mass. 3:16-cv-40138-KAR Gonpo v. Sonam's Stonewalls & Art, LLC et al,
- D. Minn. 0:17-cv-05069-JRT-HB Wang v. Jessy Corporation et al,
- D. Penn. 2:17-cv-01073-RBS Tong et al v. Henderson Kitchen Inc. et al, and
- D.W.V. 17-cv-00042-IMK You v. Grand China Buffet & Grill, Inc.

38. In addition, I am the attorney of record for twelve (12) wage-and-hour matters before the American Arbitration Association.

- 01-21-0004-9948 Kyong Ho Ahn v. MB Rye Metro Nail d/b/a Rye Metro Nails and Sun '
- 01-21-0017-8338 Yaoxiao Li v. X-Treme Care, LLC
- 01-20-001507148 Yaoxiao Li v. X-Treme Care, LLC
- 01-22-0000-4423 Teck Kim Eu v. Cheng Du 23 Inc d/b/a Cheng Du 23; Ching Xing Lin
- 01-22-0000-3837 Ji Yuan Lin v. Cheng Du 23 Inc d/b/a Cheng Du 23; Ching Xing Lin
- 01-22-0001-2518 Kin Bun Kwan v. Cheng Du 23 Inc d/b/a Cheng Du 23; Ching Xing Lin
- 01-22-0000-8567 Ming Fong v. Cheng Du 23 Inc d/b/a Cheng Du 23; Ching Xing Lin
- 01-20-0000-0619 Xi v. Mira Sushi, Inc.
- 01-20-0000-0621 Ren v. Mira Sushi, Inc.
- 01-20-0000-1914 Eu v. Cheng Du 23, Inc.
- 01-20-0003-7868 Hernandez v. Relay Delivery, Inc.

- 01-20-0000-0617 Wang v. Maxim International Group
- 01-18-0003-6297 Wu, Shu Jun Ma a v. Kyoto Sushi, Inc. d
- 01-18-0003-7254 Tabacchino v. Amazon.com, Inc
- 01-18-0003-8026 Miralda Rodriguez v. Bowery Hospitality Associates
- 01-18-0003-8037 Li v. Wok 88, Inc.
- 01-18-0004-3112 Wu v. Amazon.com, Inc.
- 01-18-0004-5455 Apolinar-Mateos v. Bowery Hospitality Associates, Inc.

39. I have written extensively on Fair Labor Standards Act and New York Labor Law minimum wage, overtime compensation, and record-keeping requirements: my op-ed in Taiwanese envoy Hsien-Hsien "Jacqueline" Liu's fraudulent foreign labor contracting of two Filipino maids has been published in *China Times*, the fourth largest Taiwanese newspaper in circulation, and my interviews on wage-and-hour law and requirements have been featured *in Sing Tao Daily*, Hong Kong's second largest newspaper, and *World Journal*, the largest Chinese-language newspaper in the United States.

40. In recognition of my work in the employment law, I have been invited as faculty of the Public Law Institute, for its wage-and-hour seminar in 2017.

41. In recognition of my expertise in the field of wage-and-hour litigation, I was a panelist on the panel "Recent Trends and Strategic Considerations for Conditional Collective Actions under the FLSA" at the National Employment Lawyers' Association-New York 2022 Spring Conference on Representing Employees. I am also rated as a Super Lawyer Metro New York in 2023 by Thomson Reuters.

42. Additionally, Troy Law has handled numerous multi-plaintiff Fair Labor Standards Act collective actions, including:

- NYSD 1:20-cv-02633-VSB *Hong v. Lin's Garden Restaurant Inc. et. al*
- NYED 2:20-cv-06296-KAM-ST *Li v. Capri Nails & Eco Spa Inc. et. al*
- NYED 1:20-cv-03667-MKB-RML *Cui et al v. D Prime, Inc*
- CT 20-cv-01206-VLB *Han v. Ming Jiang Services Corp et al*
- NYLI 2:19-cv-03545-ENV-PK *Leong v. Laundry Depot, LLC et al*
- NYLI 2:19-cv-00630-JS-GRB *Chen v. Glow Asian Food, Inc. et al*

- CT 3:19-cv-00525-JBA *Wei et al v. Sichuan Pepper Inc et al*
- NYLI 18-cv-03817-JMA-SIL *Huang et al v. Gel Factory Corp, et al*
- NYED 2:17-cv-04202-JMA-AYS *Yu et al v. Kotobuki Restaurant, Inc. et al*
- NYSD 1:17-cv-01774-DCF *Lin et al v. Teng Fei Restaurant Group Inc. et al*
- NYED 17-cv-02539-EK-SJB *China et al v. Bangkok Thai Cuisine, Inc. et al*
- NYSD 1:17-cv-10240-GHW *Zhong et al v. Royal Siam Restaurant Inc. et al*
- NYSD 17-cv-02013-RA-JLC *Wang v. Happy Hot Hunan Restaurant, Inc.*, et al
- NYSD 1:17-cv-06713-PGG-DCF *Cui v. East Palace One, Inc. et al*
- NYED 16-cv-01353-ADS-AKT *Kang et al. v. Flushing Food, Inc. et al*
- NYSD 1:16-cv-04790-DCF *Chen v. Shanghai Café Deluxe, Inc. et al*
- NYED 1:16-cv-01953-RPK-RML *Li et al v. The Dolar Shop Restaurant Group LLC et al*
- NYED 1:16-cv-05185 *Shi, et al. v. DXN Mike Corp. d/b/a Shangri Nail Salon, et al*
- NYWP 7:15-cv-09635-VB *Zheng et al v. J&J US Trading Inc.*
- NYSD 1:15-cv-09507-DCF *Lin v. La Vie en Szechuan Restaurant Corp. et al*
- NYED 1:15-cv-04917-CBA-RLM *Yang v. Richmond Hill Laundry Inc. et al*, and
- NYWP 1:14-cv-04737-KMK *He et al., v. Kirari Sushi, Inc. et al*, just to name some.

43. District court judges often cite our cases in granting motion for specialized preliminary FLSA class certification, many of which go to show John Troy's innovative and precedent-setting practice. *See Loh v. Kong Kee Food Corp.*, No. 20-cv-01597 (ARR) (RLM), Dkt. No. 48 (E.D.N.Y.), at *10 (citing *Ni v. Red Tiger Dumpling House, Inc.* for the proposition that one plaintiff's affidavit can go to show a common unlawful policy), at*14 (citing *Chui v. Am. Yuexianggui of LI LLC* as an example of the court being convinced to permit equitable tolling during the pendency of a motion for preliminary certification), at *18 (citing *Chen v. Asian Terrace Rest., Inc.* for the proposition that notice methods other than direct mail, including email, are warranted during the COVID-19 pandemic); *see also Ke v. JR Sushi 2, Inc.*, No. 19-cv07332 (PAE) (BCM) (S.D.N.Y. Jan. 15, 2012) (granting discovery of employees' social media IDs for purpose of disseminating preliminary certification notice); *Lu v. Purple Sushi, Inc.,* 447 F. Supp. 3d 89, 97 (S.D.N.Y. 2020) (same); *Qiu v. Shanghai Chinese Cuisine, Inc.* 2019 WL 6002371, at *4 (S.D.N.Y. Nov. 14, 2019) (same); Wu v. Sushi Nomado of Manhattan, Inc., 2019 WL 3759126, at *12–13 (S.D.N.Y. July 25, 2019) (same).

44. I have previously been awarded $650 per hour in *Blanca Sagbaciela v. Ruby Nail Tarrytown, Inc.* (New York State, Westchester County Feb. 27, 2023 oral ruling);  $600 per hour in *Zhiqiang Lu et al. v. Golden Fortune Restaurant Inc et al.* (New York State, N.Y. County Apr. 27, 2022 Oral Order); $550.00 per hour in *Junjiang Ji et al. v. Jling, Inc. et al.*, 2:15-cv-04194(SIL) (E.D.N.Y. Mar. 2, 2023) (granting an hourly rate of $550 for all partner-level work); *Yong Xu v. Kealoha Sushi Inc. et al.,* 1: 19-cv-1185-PAE-SDA (S.D.N.Y. August 24, 2021); *Lianhua Weng v. Kung Fu Little Steamed Buns et al.*, 1:17-cv-00273-LAP (S.D.N.Y. May 21, 2021) (granting an hourly rate of $550 for all partner-level work); 1:17-cv-10161-JGK-KNF *Hu et al v.226 Wild Ginger Inc. et al*. (S.D.N.Y. Oct. 7, 2020); 2:18-cv-10359-CCC-SCM *Zhang v. Chongqing Liuyishou Gourmet NJ Inc*. (D.N.J. Nov. 26, 2019); $500 in *Yatao Wang v. Maxim International Group, Inc.*, American Arbitration Association Case No. 01-20-0000-0617 Final Award (June 1, 2021); $400 in *Junmin Shen v. Number One Fresco Tortillas*, 16-cv-2015 (RWL) (S.D.N.Y. Feb. 19, 2019); $400 in *Baoli Zhang v. New Beijing wok d/b/a Beijing Wok* et al 17-cv-09465 (S.D.N.Y. Mar. 3, 2020); $400 in *Tarsem Singh et al. v. Dany Restoration, Inc. et al.* 17-cv-03787 (S.D.N.Y. Sept. 18, 2018).

45. In non-contingent fee structure matters, I charge $650.00 per hour to his clients.

46. I respectfully submitted an invoice with the hourly rate of $650.00 per hour for my billable hours for the lodestar cross-check utilized to evaluate the fairness of the fee award.

### 2. Managing Associate Aaron Schweitzer

47. **AARON SCHWEITZER** is the managing associate at Troy Law.

48. Mr. Schweitzer's professional qualifications and biography has been previously set forth in Docket Entry No. 119.

49. Mr. Schweitzer was previously awarded $400 per hour in *Ji et al v. Jling Inc. et al.*, 2:15-

cv-04194-SIL (E.D.N.Y. March 2, 2023); *Zhiqiang Lu et al. v. Golden Fortune Restaurant Inc et al.* (New York State, N.Y. County Apr. 27, 2022 Oral Order); $350.00 per hour in: *Yong Xu v. Kealoha Sushi Inc. et al.,* 1: 19-cv-1185-PAE-SDA (S.D.N.Y. August 24, 2021); *Lianhua Weng v. Kung Fu Little Steamed Buns et al.*, 1:17-cv-00273-LAP (S.D.N.Y. May 21, 2021); 1:17-cv-10161-JGK-KNF *Hu et al v.226 Wild Ginger Inc. et al*. (S.D.N.Y. Oct. 7, 2020); 2:18-cv-10359-CCC-SCM *Zhang v. Chongqing Liuyishou Gourmet NJ Inc*. (D.N.J. Nov. 26, 2019); $325 in *Yatao Wang v. Maxim International Group, Inc.*, American Arbitration Association Case No. 01-20-0000-0617 Final Award (June 1, 2021), $225 per hour in *Junmin Shen v. Number One Fresco Tortillas*, 16-cv-2015 (RWL) (S.D.N.Y. Feb. 19, 2019); $225 per hour in *Baoli Zhang v. New Beijing wok d/b/a Beijing Wok* et al 17-cv-09465 (S.D.N.Y. Mar. 3, 2020).

50. In non-contingent fee structure matters, Mr. Schweitzer charges $400.00 per hour to his clients.

51. Plaintiff respectfully requests a rate of $400.00 per hour for Mr. Schweitzer's billable hours as part of the lodestar comparator cross-check to evaluate the fairness of the fee award.

### 3.  Managing Clerk Preethi Kilaru

52. **PREETHI KILARU** is the Managing Clerk at Troy Law. She holds her LLM from SMU Dedman School of Law since December 2017. She graduated from the Karnataka State Law University, CMR Law School since July 2016. She has worked with Troy Law since April 2018. Prior to joining Troy Law, she has worked as a legal assistant and advisor in Bangalore, India, specializing in civil practice.

53. Ms. Kilaru was previously awarded $200 per hour in *Yong Xu v. Kealoha Sushi Inc. et al.,* 1: 19-cv-1185-PAE-SDA (S.D.N.Y. August 24, 2021); *Lianhua Weng v. Kung Fu Little Steamed Buns et al.*, 1:17-cv-00273-LAP (S.D.N.Y. May 21, 2021); 17-cv-10161-JGK-KNF *Hu et al v.226*

*Wild Ginger Inc. et al.* (S.D.N.Y. Oct. 7, 2020); *Zhiqiang Lu et al. v. Golden Fortune Restaurant Inc et al.* (New York State, N.Y. County Apr. 27, 2022 Oral Order); $150 per hour in *Ji et al v. Jling Inc. et al.*, 2:15-cv-04194-SIL (E.D.N.Y. March 2, 2023); 2:18-cv-10359-CCC-SCM *Zhang v. Chongqing Liuyishou Gourmet NJ Inc* and in *Yatao Wang v. Maxim International Group, Inc.*, American Arbitration Association Case No. 01-20-0000-0617 Final Award (June 1, 2021).

54. Plaintiff respectfully requests a rate of $200.00 per hour for Ms. Kilaru's billable hours as part of the lodestar comparator cross-check to evaluate the fairness of the fee award.

### 4. Associate / Of-Counsel / Court Certified Interpreter Tiffany Troy

55. **TIFFANY TROY** holds her JD, *cum laude* from Fordham University School of Law, where she was a New York State Unified Court System Pro Bono Scholar, Archibald Murray Public Interest *magna cum laude* awardee, and Ruth Whitehead Whaley Scholar. She holds an MFA, in Creative Writing with a specialization in Literary Translation and Poetry, and a BA, *magna cum laude*, in Creative Writing with honors, and in Economics from Columbia University, where she was also an Undergraduate Creative Writing Chair's Fellow, School of Professional Studies Pre-College Instructor, Core Scholar, Louis Sudler Prize in the Arts recipient, Word for Word travel grantee, and "by far most nominated" Phi Beta Kappa inductee of her graduating class.

56. Ms. Troy was admitted to the New York State Bar on June 24, 2021. She was additionally admitted to the New Jersey State Bar on July 22, 2021; Massachusetts State Bar on August 1, 2021; California State Bar on April 29, 2022; South Carolina State Bar on March 14, 2022; and the Texas State Bar on July 14, 2022. She was admitted in 2021 to the following federal courts: the First Circuit Court of Appeals; Second Circuit Court of Appeals; Third Circuit Court of Appeals; New York Southern District and Bankruptcy Courts; New York Eastern District and Bankruptcy Courts; New York Northern District Court; New York Western District Court; New Jersey State Bar; New

Jersey District Court; and Massachusetts District Court; and the Connecticut State Bar. She was admitted in 2022 to the Connecticut District Court, and the Southern District of Indiana.

57. Ms. Troy is the attorney of record for 35 cases in the Southern District Court.

- 1:14-cv-02451-ER Rodpracha et al v. Pongsri Thai Restaurant Corp. et al;
- 1:16-cv-05591-ALC Chong et al v. Golden 88 Spoon Inc. et al;
- 1:17-cv-00840-VSB Wang et al v. Shun Lee Palace Restaurant, Inc. et al;
- 1:17-cv-04058-RA-SLC Kwan v. Sahara Dreams Co. II Inc. et al;
- 1:17-cv-06713-DCF Cui v. East Palace One, Inc. et al;
- 1:17-cv-07066-JPC Zhang et al v. Hiro Sushi at Ollies Inc. et al;
- 1:17-cv-09582-JPO Wang v. Yong Lee Inc. et al;
- 1:18-cv-04941-LAP Ye v. 2953 Broadway LLC et al;
- 1:18-cv-06174-PAC-RWL Chang et al v. CK Tours, Inc et al;
- 1:18-cv-06442-GBD-OTW Gao v. A Canaan Sushi Inc. et al;
- 1:18-cv-08259-GHW Zhang v. Four Seasons Beauty Spa, Inc. et al;
- 1:18-cv-09417-ER Ortiz Ochoa et al v. Prince Deli Grocery Corp. et al;
- 1:19-cv-02515-JPC Gao v. Savour Sichuan Inc. et al;
- 1:19-cv-05025-JMF Naik et al v. Swagat Restaurant, Inc. et al;
- 1:19-cv-07654-VEC Chen v. Lilis 200 West 57th Corp. et al;
- 1:19-cv-07702-LJL-DCF Huang et al v. Shanghai City Corp et al;
- 1:19-cv-11883-GBD-BCM Chen et al v. Dun Huang Corp et al;
- 1:19-cv-11895-JMF Chen v. Matsu Fusion Restaurant Inc et al;
- 1:20-cv-02633-VSB-GWG Hong v. Lin's Garden Restaurant, Inc. et al;
- 1:20-cv-04323-JPC-RWL Lluilema Garcia et al v. Francis General Construction Inc. et al;
- 1:20-cv-08010-LTS-GWG Perez et al v. Escobar Construction, Inc. et al;
- 1:20-cv-08903-LJL Cheng et al v. Via Quadronno LLC et al;
- 1:20-cv-09725-JPC Abe v. Uezu Corporation et al;
- 1:21-cv-00231-GHW-OTW Ramirez et al v. Archdiocese of New York et al;
- 1:21-cv-05381-KPF Wallace v. Crab House, Inc. et al;
- 1:21-cv-05757-LJL Wallace v. Crab House, Inc. et al;
- 1:21-cv-06993-MKV Wallace v. International House of Pancakes, LLC et al;
- 1:22-cv-02430-VEC Yuquilema Mullo et al v. DoorDash, Inc. et al;
- 1:22-cv-02850-AT Li v. Regency Health Care, Inc. et al;
- 1:22-cv-08963-ALC Yan et al v. HungryPanda Us Inc. ;
- 7:19-cv-05018-NSR-AEK Hong v. JP White Plains, Inc. et al;
- 7:19-cv-11881-VB Ji v. Aily Foot Relax Station Inc et al;

- 7:20-cv-03904-PMH Liang v. Master Wok, Inc. et al;
- 7:21-cv-11226-CS Singh v. 9D Food Mart Inc. et al; and
- 7:22-cv-08196-VB Ji v. New Aily Foot Relax Station Inc et al.

58. Ms. Troy is the attorney of record for 44 cases in the Eastern District Court.

- 1:15-cv-03642-WFK-ST Luo et al v. Panarium Kissena Inc. et al
- 1:16-cv-01953-RPK-TAM Li et al v. The Dolar Shop Restaurant Group LLC et al
- 1:16-cv-02474-RPK-TAM Lin et al v. The Dolar Shop Restaurant Group, LLC et al
- 1:17-cv-01044-RPK-SJB Lin v. Rising Sun Restaurant, Inc. et al
- 1:17-cv-02348-ARR-JRC Hu et al v. The City of New York et al (Closed on 01/20/2022)
- 1:17-cv-03435-WFK-CLP Lin v. Joe Japanese Buffet Restaurant Inc. et al (Closed on 12/10/2021)
- 1:18-cv-00417-ENV-MMH Zhu v. Wanrong Trading Corp.
- 1:18-cv-05624-HG-VMS Jiao et al v. Shang Shang Qian Inc et al
- 1:18-cv-06910-DG-SJB Zang v. Daxi Sichuan Inc. et al
- 1:19-cv-03149-TAM Hong v. Mito Asian Fusion, Inc. et al
- 1:19-cv-03780-ENV-VMS Karaisaridis v. Red Panda Asian Bistro Inc. et al
- 1:19-cv-04564-ENV-ST Ye v. Estate of Xiao Zhong Li et al
- 1:19-cv-04687-PKC-LB Singh et al v. Golam Mowla Construction, Corp. et al
- 1:20-cv-01470-WFK-RML Ren v. Arcadia Health Pharmacy, Corp et al
- 1:20-cv-02266-PKC-VMS Han v. Shang Noodle House, Inc. et al
- 1:20-cv-02637-HG-PK Leong v. Laundry Depot, LLC et al
- 1:20-cv-02746-WFK-TAM Lin v. JD Produce Maspeth LLC et al
- 1:20-cv-02975-KAM-JRC Rodriguez v. 4 Caminos Mexican Restaurant Corp. et al
- 1:20-cv-03667-MKB-MMH Cui et al v. D Prime, Inc.
- 1:20-cv-05410-KAM-TAM Wang et al v. Kirin Transportation Inc et al
- 1:20-cv-05557-SJB Tan v. Starlight Tours, Inc. et al (Closed on 07/27/2021)
- 1:20-cv-06242-ENV-MMH Ying v. All-Ways Forwarding of N.Y. Inc. et al
- 1:20-cv-06387-ARR-TAM Pang v. Flying Horse Trucking Co Ltd et al (Closed on 03/10/2022)
- 1:21-cv-02678-ARR-ST Almazo-Ramirez et al v. Buena Vida Pharmacy, Inc. et al (Closed on 02/10/2022)
- 1:21-cv-03112-ENV-RLM Li v. Modern Lighting Corp et al (Closed on 04/22/2022)
- 1:21-cv-03254-KAM-TAM Wang et al v. Kirin Transportation Inc. et al
- 1:21-cv-03771-PKC-VMS Han v. Shang Noodle House, Inc. et al (Closed on 10/25/2021)
- 1:21-cv-03832-EK-JRC Lin et al v. Fuji Hana Restaurant Corp et al

- 1:21-cv-05002-HG-VMS Jiao et al v. Chulaizhadao Inc
- 1:21-cv-07137-AMD-RML Tung et al v. Wan Hao Restaurant, Inc. et al
- 1:21-cv-07163-HG-RLM Stidhum v. 161-10 Hillside Auto Ave, LLC et al
- 1:21-cv-07194-KAM-TAM Wang et al v. Hebei Tiankai Foundation Engineering Technical Co., Ltd et al
- 1:22-cv-05475-PKC-RER Singh v. Anmol Food Mart, Inc. et al
- 2:14-cv-01647-JS-SIL Zhang et al v. Wen Mei Inc. et al (Closed on 09/08/2022)
- 2:18-cv-06609-JS-SIL Sun v. Li Ya Nail Spa Inc. et al (Closed on 07/28/2022)
- 2:19-cv-01203-ENV-LGD Xia et. al. v. 62-98 Realty LLC et. al.
- 2:19-cv-03269-GRB-SIL Ni v. Red Tiger Dumpling House Inc et al
- 2:19-cv-03545-HG-PK Leong v. Laundry Depot, LLC et al
- 2:20-cv-02736-DRH-AYS Singh et al v. All Empire Building Contractors Inc. et al (Closed on 07/21/2021)
- 2:20-cv-05263-FB-SIL Tian v. Star Nail Salon, Inc. et al
- 2:20-cv-06296-KAM-ST Li v. Capri Nails & Eco Spa Inc. et. al.
- 2:22-cv-03164-MKB-ARL Abe et al v. Yamaguchi & Friends, Inc. et al
- 2:22-cv-04110-JMA-LGD Teoh v. Manhasset Restaurant, LLC et al
- 2:22-cv-05523-NM-ST Sun v. New G Nails & Spa Inc, et al

59. Ms. Troy is also the attorney of record in 5 cases in the District of New Jersey and the District of Massachusetts.

- M.A.D. 1:21-cv-11732-FDS Jiang v. Tokyo II Steak House, Inc. et al
- N.J.D. 2:18-cv-10358-JXN-JBC Ding v. Baumgart Restaurant, Inc. et al
- N.J.D. 2:18-cv-11347-KM-ESK WANG et al v. An Da NJ Construction LLC et al
- N.J.D. 2:19-cv-12742-CCC-JBC YANG v. Somchai and Company Inc et al
- N.J.D. 2:20-cv-05942-JXN-JBC LIN et al v. Fada Group Inc et al

60. At Troy Law, Ms. Troy assists in the firm's civil litigation practice, including employment wage-and-hour class litigation, appellate practice, bankruptcy litigation, and family law practice.

61. Ms. Troy has previously interned at the United States Attorneys' Office in the Eastern District in New York from September through December 2019, the New York City Law Department, in the Environmental Law Division from January through April 2020, the Fordham Law School Criminal Defense clinic from September to December 2020, the Immigrant Rights

Clinic as a Pro Bono Scholar from February 2021 to May 2021, and worked advocating for the immigrant worker community at Troy Law since 2008.

62. Ms. Troy serves on the National Employment Lawyers' Association-New York Conference Committee and has served as moderator on the panel "Recent Trends and Strategic Considerations for Conditional Collective Actions under the FLSA" at the National Employment Lawyers' Association-New York 2022 Spring Conference on Representing Employees. Ms. Troy is also rated as a Super Lawyer Rising Star in 2023 by Thomson Reuters.

63. Ms. Troy is a 2022 New York State Bar Association Family Law Section fellow.

64. Ms. Troy is a NYS Unified Court System Mandarin Chinese interpreter since 2019.

65. She has interpreted in federal and state court conferences, as follows: 14-cv-02451-ER *Rodpracha et al v. Pongsri Thai Restaurant Corp. et al.* (Mandarin to English; English to Mandarin); 2:18-cv-03817-ARR-PK *Huang et al v. Gel Factory, Corp. et al*(Mandarin to English; English to Mandarin)*;* 1:18-cv-06317-ENV-PK *Pan et al v. Nutrition Rite Corporation et al*(Mandarin to English; English to Mandarin)*,* and 1:15-cv-02215-CBA-VMS *Guan v. Long Island Business Institute, Inc. et al* (Mandarin to English; English to Mandarin); and 17-cv-10161-JGK *Hu et al. v. 226 Wild Ginger Inc. et al.* (inquest hearing, Mandarin to English; English to Mandarin).

66. Relevant language experience includes her role as the principal translator of Santiago Acosta's *The Coming Desert*, award winner of the City and Nature José Emilio Pacheco Literary Prize (2018), with the 4W International Women Collective Translation Project at the University of Wisconsin from Spanish to English. She also served as editor-in-chief of *Portales*, the Latin American & Iberian Cultures Department Undergraduate Research Journal at Columbia University that publishes peer-reviewed academic pieces in Spanish, Portuguese, French, and English, as

translation editor of the *Columbia Journal*, and as translator for intake, case updates, state and federal inquest hearings, settlement and mediation conferences, and translation of court documents since 2010. She is a member of the American Literary Translators Association.

67. Ms. Troy has been awarded a rate of $250 in *Blanca Sagbaciela v. Ruby Nail Tarrytown, Inc.* (New York State, Westchester County Feb. 27, 2023 oral ruling); and *Wen Zhang v. Four Seasons*, 1:18-cv-08259(GHW) (S.D.N.Y. Feb. 8, 2023 oral ruling); $150 (while paralegal or doing paralegal work) in: *Junjiang Ji et al. v. Jling, Inc. et al.*, 2:15-cv-04194(SIL) (E.D.N.Y. Mar. 2, 2023); *Lianhua Weng v. Kung Fu Little Steamed Buns et al.*, 1:17-cv-00273-LAP (S.D.N.Y. May 21, 2021); 17-cv-10161-JGK-KNF *Hu et al v.226 Wild Ginger Inc. et al.* (S.D.N.Y. Oct. 7, 2020) *Tarsem Singh et al. v. Dany Restoration, Inc. et al.* 17-cv-03787 (S.D.N.Y. Sept. 18, 2018); *Zhiqiang Lu et al. v. Golden Fortune Restaurant Inc et al.* (New York State, N.Y. County Apr. 27, 2022 Oral Order); in *Yatao Wang v. Maxim International Group, Inc.*, American Arbitration Association Case No. 01-20-0000-0617 Final Award (June 1, 2021).

68. In non-contingent fee structure matters, Ms. Troy charges $250.00 per hour to her clients.

69. Plaintiff respectfully requests a rate of $250.00 per hour for Ms. Troy's billable hours with a reduced rate of $150.00 for work performed pre-admissions, and a rate of $0 for work performed together with her supervising attorneys Aaron Schweitzer and/or John Troy as part of the lodestar comparator cross-check to evaluate the fairness of the fee award.

### 5. MAGGIE HUANG is the Certified Public Account at Troy Law.

70. Ms. Huang received her Master of Information System from the University of East Michigan in 1986 and her Bachelor of Business in Public Finance, from National Chung Hsin University, in Taiwan in 1982.

71. Ms. Huang is a CPA licensed in both New York and Taiwan. She was certified in New York in 1991.

72. Ms. Huang had previously been awarded an hourly rate of $150 in 17-cv-10161-JGK-KNF *Hu et al v.226 Wild Ginger Inc. et al*. (S.D.N.Y. Oct. 7, 2020); 17-cv-03787 *Tarsem Singh et al. v. Dany Restoration, Inc. et al.* (S.D.N.Y. Sept. 18, 2018).

73. Plaintiffs respectfully request a rate of $150 for Ms. Huang's work in the present case.

### C. Costs Incurred

74. Here, Class Counsel's actual expenses were incidental and necessary to the representation of the Class.

75. These expenses and costs include filing fees, service fees, printing and postage costs, and fees related to case initiation, service charges, and printing charges incurred to mail out the notices to the potential plaintiffs. *Id.*

76. Based on expenses accrued, Plaintiff respectfully requests that the Court approve Class Counsel's application for reimbursement of expenses of up to $3,000.00, to be paid from the Settlement Fund.

77. Currently, the expenses total $1,719.40 and include: filing fee ($400), Service fee for serving Summons with Complaint upon the Defendants ($750.00), Travel Costs of about ($37.25), Printing and mailing the Notice of pendency and Consent to Join Forms to potential opt-ins ($532.15) for which receipts are included as part of **Exhibit 1**.

78. In addition, we respectfully request that the Court take judicial notice of the service of summons with complaint upon Defendants by the process server, travel, printing and mailing costs associated with the mailing the Notice of pendency and Consent to Join Forms to potential opt-ins. (*See* **Exhibit 1** for itemized out-of-pocket expenses).

### D.  Administration Fees

79. Simpluris is a third-party administration company. Simpluris has acted as the impartial Settlement Administrator in this lawsuit and will disseminate Class and Collective Notices to Class Members, performed calculations of awards to each Class Member, and maintained correspondences with Class Members.

80. The Parties agreed to fees of up to $16,000.00, to be paid out of the Settlement Fund, to the Settlement Administrator, which is consistent with prevailing market rates. Simpluris has experience in providing court-approved notice of class actions and administering various types of class action settlements.

## II.   Legal Services Agreement

81. The legal services, annexed hereto as Exhibits 2-4, expressly allows for Plaintiffs' counsels to represent Plaintiffs in "his/her claim for damages for labor disputes arising out of his employment including class and/or collective action" *see* Exhibit 2-4 at *2.

82. Further, "The Client agrees that their share of the total recovery and their share of the expenses incurred on their behalf of the case is the same as Two Thirds (2/3). *See i.d.*

83. The Service Agreement further states: "The amount Attorney will receive for attorneys' fees for legal services to be provided under this agreement will be: One Third (1/3) of the Net Recovery. Notwithstanding, the court may additionally award Attorney for attorneys' fees and costs. It is specifically understood that all attorney fees award d by the court or accrued by Attorneys are and shall remain the property of the attorney."

84. The Settlement Agreement, which was submitted for the parties' joint motion for preliminary approval on August 17, 2022, provides that Plaintiffs Counsel will apply for up to one-third of

the Fund (minus litigation expenses) as attorneys' fees, plus reimbursement of reasonable litigation costs and expenses (Settlement Agreement § 3.2).

85. Under the terms of the Settlement Agreement, the attorneys' fees award sought by Class Counsel does not include expenses.

### III.     Breakdown of Class Damages

86. A breakdown of class damages, annexed hereto as Exhibit 5, includes a summary of the class damages according to Plaintiffs computation, as well as specific damages for class representatives' Li Zhen Zhu, Fausto Astudillo Ortega and Tomas Diaz Cruz.

87. A settlement was reached on behalf of the 240 identified class members.

88. For Settlement purposes, Defendants documents show that from time to time their pay based on piece rates dipped below the minimum wage and overtime required of employers and did not include spread of time. Defendants contend that they kept accurate records of their employees' working hours and pay and that these show that any unpaid wages are *de minimis*. Plaintiffs further contend that Defendants did not furnish their employees with written wage notices or accurate wage statements as required by the NYLL. Defendants contend that they can establish a complete-payments defense and a good faith defense, among others.

89. The damages of Plaintiffs and Class Members are computed according to the time recorded on the pay records produced by Defendants, with the failure to pay minimum wage and overtime under the NYLL

90. Based on the employment period provided for each class member and a review of the pay records for the class, the approximate damages due to each class member is computed. *See* Exhibit 6, Class Damages Analysis Computed.

91. The $280,000.00 settlement, which represents is a fair and reasonable recovery amount in light of Defendants' available defenses should litigation proceed.

92. In light of the foregoing, we respectfully request that the Court grant the preliminary approval of the settlement, which allows the notice to issue to the class.

Dated:   Flushing, New York
April 20, 2023

Respectfully submitted,
Troy Law, PLLC.

*Attorneys for Plaintiff and proposed Settlement Class*

By:   /s/John Troy
John Troy, Esq.