UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
LI ZHEN ZHU, *on behalf of herself and others similarly situated*,

                                Plaintiff,

          -against-                        18-CV-417 (ENV)(MMH)

WANRONG TRADING CORP., TAI HE TRADING CORP., YI ANG SHAO, XIANG QI CHEN, MING REN XU, and TAO TAO REN,

                                Defendants.
------------------------------------------------------------------- x

**MARCIA M. HENRY**, United States Magistrate Judge:

**ORDER CONDITIONALLY CERTIFYING SETTLEMENT CLASS, GRANTING PRELIMINARY APPROVAL TO PROPOSED CLASS SETTLEMENT AND PLAN OF ALLOCATION, DIRECTING DISSEMINATION OF NOTICE AND RELATED MATERIAL TO THE CLASS, AND SETTING DATE FOR <u>FAIRNESS HEARING AND RELATED DATES</u>**

        Named Plaintiff Li Zhen Zhu and opt-in Plaintiffs Fausto Astudillo Ortega and Tomas Diaz Cruz (collectively "Plaintiffs") and Defendants Wanrong Trading Corp., Tai He Trading Corp., Yi Ang Shao, Xiang Qi Chen, Ming Ren Xu, and Tao Tao Ren (collectively "Defendants") (collectively with Plaintiff, "Parties") negotiated a settlement of this litigation. The terms of the proposed settlement ("Settlement") are set forth in the proposed Settlement Agreement and Release ("Settlement Agreement").

        On August 17, 2022, Plaintiffs filed a Notice of Motion for an Order (1) Conditionally Certifying Settlement Class, (2) Granting Preliminary Approval to Proposed Class Settlement and Plan of Allocation, (3) Directing Dissemination of Notice and Related Material to the Class, and (4) Setting Date for Fairness Hearing and Related Dates ("Motion"). In their Motion, Plaintiffs requested that, for settlement purposes only, this Court conditionally certify

a class under Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs also requested that the Court grant preliminary approval to the Settlement Agreement, including the plan of allocation in that Agreement, and that the Court approve a proposed Notice of Settlement of Class Action Lawsuit and Fairness Hearing ("Class Notice") and a proposed change of address form (attached to the Class Notice). Having reviewed the Settlement Agreement and Motion, along with the Parties' related submissions in this matter, the Court now FINDS, CONCLUDES, AND ORDERS as follows:

**I.  DEFINITION OF THE SETTLEMENT CLASS**

The Parties have entered into the Settlement Agreement solely for the purposes of compromising and settling their disputes in this matter. As part of the Settlement Agreement, Defendants have agreed to not oppose, for settlement purposes only, conditional certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3), of the following settlement class (the "Class"):

> Plaintiffs and all other current and former employees not exempt form receiving overtime, who workd for Defendants at the Plants [*i.e.*, the following meatpacking plants and allied facilities in New York City operated by Defendants at: 32-33 Hunters Point Avenue, Long Island City, NY 11101; 32-35 Hunters Point Avenue, Long Island City, NY 11101; and 48-43 32nd Place, Long Island City, NY 11101] at any time from March 11, 2012 through March 11, 2022, and who do not opt-out of the Litigation as explained below, amounting to approximately 240 Class Members.

**II.  RELEASE OF CLAIMS**

Members of the Class who sign, negotiate, endorse, deposit, or cash their Settlement Checks in this matter will acknowledge the following: "RELEASE OF CLAIMS: By endorsing this check, I consent to join the case entitled *Zhu v. Wanrong Trading Corp.*, No. 18-cv-417 (ENV)(MMH) (E.D.N.Y.), and I hereby release Defendants from all wage and hour

claims under the Fair Labor Standards Act, the New York Labor Law, and/or other applicable wage-and-hour law, rule or regulation brought or which could have been brought in the litigation, including, but not limited to, minimum wage and overtime claims." All Settlement Checks shall be deemed filed with the Court at the time each Qualified Class Member signs, endorses, deposits, cashes or negotiates such their Settlement Check.

### III.     RULE 23 CLASS CERTIFICATION

This Court finds (exclusively for the present purposes of evaluating the settlement) that Plaintiff meets all the requirements for class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3). As required under Rule 23(a), Plaintiffs have demonstrated that the class is sufficiently numerous, that there are common issues across the class, that Plaintiffs' claims are typical of the class, and that Plaintiffs and their attorneys would be effective Class Representatives and Class Counsel, respectively. The Court also finds that the common issues identified by Plaintiffs predominate over any individual issues in the case such that class action is superior in this context to other modes of litigating this dispute. Because the class certification request is made in the context of settlement only, the Court need not address the issue of manageability. The Court therefore concludes that the purported Class satisfies the elements of Rule 23(b)(3). Accordingly, pursuant to Rules 23(c) and 23(e), the Court certifies this class for the purposes of settlement, notice, and award distribution only.

Should this Settlement not receive final approval, be overturned on appeal, or otherwise not reach completion, the class certification granted above shall be dissolved immediately upon notice to Plaintiffs and Defendants, and this certification shall have no further effect in this case or in any other case. Plaintiffs will retain the right to seek class certification in the course of litigation, and Defendants will retain the right to oppose class certification. Neither the fact

3

of this certification for settlement purposes only, nor the findings made herein, may be used to support or oppose any Party's position as to any future class certification decision in this case, nor shall they otherwise have any impact on such future decision.

### IV. APPOINTMENT OF CLASS REPRESENTATIVES, CLASS COUNSEL, AND CLAIMS ADMINISTRATOR

Li Zhen Zhu, Fausto Astudillo Ortega, and Tomas Diaz Cruz are appointed representatives of the Class under Rule 23.

John Troy, Esq. and Aaron Schweitzer, Esq. of Troy Law, PLLC, are appointed counsel for the Class (hereinafter "Class Counsel").

Simpluris is appointed as Claims Administrator.

### V. DISPOSITION OF SETTLEMENT CLASS IF SETTLEMENT AGREEMENT DOES NOT BECOME EFFECTIVE

If, for any reason, the Settlement Agreement ultimately does not become effective, Defendants' agreement not to oppose conditional certification of the settlement class shall be null and void in its entirety; this Order conditionally certifying the settlement class shall be vacated; the Parties shall return to their respective positions in this lawsuit as those positions existed immediately before the Parties executed the Settlement Agreement; and nothing stated in the Settlement Agreement, the Motion, this Order, or in any attachments to the foregoing documents shall be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action. In particular, the class certified for purposes of settlement shall be decertified,

and Defendants will retain the right to contest whether this case should be maintained as a class action and to contest the merits of the claims being asserted by Plaintiffs.

## VI. PRELIMINARY APPROVAL OF THE TERMS OF THE SETTLEMENT AGREEMENT, INCLUDING THE PROPOSED PLAN OF ALLOCATION

The Court has reviewed the terms of the Settlement Agreement and the description of the Settlement in the Motion papers. Based on that review, the Court concludes that the Settlement is within the range of possible Settlement approval and appears to be presumptively valid such that notice to the Class is appropriate. Accordingly, the Court hereby grants preliminary approval to the Settlement Agreement and the Plan of Allocation.

## VII. APPROVAL OF THE FORM AND MANNER OF DISTRIBUTING CLASS NOTICE AND OPT-OUT STATEMENT

Plaintiffs has also submitted for this Court's approval a proposed Class Notice and change of address form (collectively, the "Notice Materials"). The Court now considers each of these documents in turn.

The proposed Notice Materials appear to be the best notice practicable under the circumstances and appear to allow the Class Members a full and fair opportunity to consider the Parties' proposed settlement and develop a response. The proposed plan for distributing the Notice Materials appears to be a reasonable method calculated to reach all Class Members who would be bound by the settlement.

The Class Notice fairly, plainly, accurately, and reasonably informs Class Members of: (1) appropriate information about the nature of this litigation, the settlement class at issue, the identity of Class Counsel, and the essential terms of the Settlement Agreement and Settlement; (2) appropriate information about Class counsel's forthcoming application for attorneys' fees and other payments that will be deducted from the settlement fund; (3) appropriate information

5

about how to participate in the Settlement; (4) appropriate information about this Court's procedures for final approval of the Settlement Agreement and Settlement; (5) appropriate information about how to challenge the settlement, if they wish to do so; (6) appropriate information about how to notify the Claims Administrator of any address changes; and (7) appropriate information about how to obtain additional information regarding this litigation, the Settlement Agreement, and the Settlement.

The Court, having reviewed the proposed Notice Materials, finds and concludes that the proposed plan for distributing the same will provide the best notice practicable, satisfies the notice requirements of Rule 23(e), and satisfied all other legal and due process requirements. Accordingly, the Court hereby orders as follows:

1. The form and manner of distributing the proposed Notice Materials are hereby approved;

2. Promptly following the entry of this Order, the Claims Administrator shall prepare final versions of the Notice Materials, incorporating into the Class Notice the relevant dates and deadlines set forth in this Order[1];

3. On or before **September 7, 2023**, Defendants will provide the Claims Administrator and Class counsel with the information regarding Class members in accordance with the Settlement Agreement;

---

[1] The Notice at Exhibit 2 of the Declaration of Aaron Schweitzer (ECF No. 119-2) shall be amended as follows: (1) at pages 3, 7, and 8, the Parties shall replace the judicial initials "ILG" in the case caption with the current district judge's initials; (2) at page 6, Section 10 ("When will I get my settlement payment?"), the Parties shall delete "in Courtroom 8B South"; and (3) at page 8, Section 17 ("When and where will the Court decide whether to approve the settlement agreement?"), first full paragraph, the Parties shall replace "The Court, the Honorable I. Leo Glasser, United States District Judge" with "The Court" and shall delete "in Courtroom 8B South".

6

4. On or before **thirty (30) calendar days** from the date of entry of this Order, the Claims Administrator shall mail, via First Class United States Mail, postage prepaid, the final version of the Class Notice, along with the change of address form, using each Class Member's last known address as recorded in Defendants' payroll system. The Claims Administrator shall take reasonable steps to obtain the correct address of any Class Members for whom the notice is returned by the post office as undeliverable and otherwise to provide the Class Notice. The Claims Administrator will attempt re-mailing to Class Members for whom the mailing is returned as undeliverable. The Claims Administrator shall notify Class Counsel and Defendants' Counsel of any mail sent to Class Members that is returned as undeliverable after the first mailing, as well as any such mail returned as undeliverable after the subsequent mailing; and

5. The Claims Administrator shall take all other actions in furtherance of claims administration as are specified in the Settlement Agreement.

## VIII. PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT

### A. Fairness Hearing

The Court hereby schedules a hearing for **December 7, 2023 at 11:00 a.m.**, at the United States District Court for the Eastern District of New York, U.S. Courthouse, 225 Cadman Plaza East, Brooklyn, New York 11201, to determine whether to grant final approval of the Settlement Agreement and the Plan of Allocation (the "Fairness Hearing"). At the Fairness Hearing, the Court also will consider any petition that may be filed for the payment of attorneys' fees and costs/expenses to Class Counsel, and any service payments to be made to the Plaintiffs. Class Counsel shall file their petition for an award of attorneys' fees and

reimbursement of costs/expenses and the petition for an award of service payments no later than **fifteen (15) business days** prior to the Fairness Hearing.

### B. Deadline to Request Exclusion from the Settlement

Class Members who wish to be excluded from the Settlement must submit a written and signed request to opt out to the Claims Administrator ("Opt-Out Statement") provided with the Class Notice. To be effective, such Opt-Out Statements must be delivered to the Claims Administrator and postmarked by a date certain to be specified on the Notice, which will be **sixty (60) calendar days** after the Claims Administrator makes the initial mailing of the notice (the "Opt-Out Period").

The Claims Administrator shall stamp the postmark date of the Opt-Out Statement on the original of each Opt-Out Statement that it receives and shall serve copies of each Statement on Class Counsel and Defendant's Counsel not later than **two (2) business days** after receipt thereof. The Claims Administrator also shall, within **five (5) calendar days** after the end of the Opt-Out Period, provide Class Counsel and Defendants' Counsel with: (1) stamped copies of any Opt-Out Statements, with Social Security Numbers redacted, and (2) a final list of all Opt-Out Statements. Also within **five (5) calendar days** after the end of the Opt-Out Period, counsel for the Parties shall file with the Clerk of Court copies of any timely submitted Opt-Out Statements with Social Security Numbers and addresses redacted. The Claims Administrator shall retain the stamped originals of all Opt-Out Statements and originals of all envelopes accompanying Opt-Out Statements in its files until such time as the Claims Administrator is relieved of its duties and responsibilities under this Order.

### C. Deadline for Filing Objections to the Settlement

Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing. To be considered, such objections must be delivered to the Claims Administrator and postmarked by a date certain, to be specified on the Class Notice, which shall be **sixty (60) calendar days** after the initial mailing by the Claims Administrator of such Class Notice.

The Claims Administrator shall stamp the postmark date and the date received on the original and send copies of each objection to the Parties by email not later than **two (2) business days** after receipt thereof. Counsel to the Parties shall also file the date-stamped originals of any and all objections with the Clerk of Court within **ten (10) calendar days** after the end of the Notice Period.

### D. Deadline for Filing Motion for Judgement and Final Approval

Any party seeking final approval of the settlement shall file a motion for same no later than **fifteen (15) business days** before the Fairness Hearing.

### E. Plaintiffs' and Class Members' Release

If, at the Fairness Hearing, the Court grants Final Approval to the Settlement Agreement and Settlement, Plaintiffs, and each individual Class Member who does not timely opt out, will release claims, by operation of this Court's entry of the Judgment and Final Approval, as described in the Settlement Agreement.

F. **Qualification for Payment**

Any Class Member who does not opt out will qualify for payment and will be sent a check containing their distribution of the Settlement after final approval of the Settlement.

**SO ORDERED.**

Brooklyn, New York
August 24, 2023

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge